## THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. ROBERT A. EDWARDS.

1. CATTLE-GUARDS; *Incompetent Witness as to Breachy Cattle.* In an action brought by E. against a railway company for damages done to the plaintiff's crops by reason of cattle passing into his field through and over improper cattle-guards on the defendant's road where the road enters the plaintiff's field; and the main question of fact to be determined in such action was whether the cattle-guards, actually put in by the defendant, were proper cattle-guards or not; and the defendant introduced a witness who testified that he had been in the employment of the defendant for about eight years, and that he had put in a great many cattle-guards for the defendant during that time; but there was no evidence introduced tending to show that the witness knew anything about cattle or their nature or habits; and the defendant then asked the witness the following question: "I will ask you if it is not a fact that cattle get breachy with reference to these cattle-guards, the same as they do as to fences, and then is it not almost impossible for a cattle-guard to stop them?"—and the plaintiff objected to the question, and the court refused to permit it to be answered: *held,* that the court below did not commit error; and for the reason that it had not been shown that the witness was a competent witness to testify with regard to cattle becoming breachy.

2. INSTRUCTION, *Rightly Refused.* And in such case, where the evidence showed that the defendant put in cattle-guards which were possibly sufficient, and that afterward they were broken and rendered almost useless; *held,* that the court below did not err in refusing to give an instruction to the jury which embodied the following proposition: "Unless the jury believe from the evidence that said railway company did so fail to put in proper cattle-guards at such places, then they will find for the defendant."

3. INSTRUCTION, *Properly Refused.* And where said instruction also embodied the further proposition, that "if the jury believe from the evidence that the defendant railway company did put in such cattle-guards as were reasonably sufficient and proper, and such as are ordinarily in use in this country, then they will find for the defendant." *Held,* That said instruction should not have been given, for the additional reason that there was no evidence introduced on the trial showing what kind of cattle-guards "are ordinarily in use in this country."

### *Error from Greenwood District Court.*

ACTION brought by *Edwards* against the *Railway Company,* to recover for damages done to his crops by cattle which passed into his field through or over improper cattle-guards

on the defendant's road where it enters the plaintiff's field. Trial at the November Term, 1880, of the district court, and verdict and judgment for the plaintiff for $50, with interest thereon from September 3, 1880, at the rate of seven per cent. per annum, and for costs. The defendant brings the case here. The opinion states the facts.

*H. H. Harding*, for plaintiff in error.

*Clogston & Martin*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by R. A. Edwards against the St. Louis & San Francisco railway company, for damage done to his crops by reason of cattle passing into his field through or over improper cattle-guards on the defendant's road where the road enters the plaintiff's field. The action was commenced under chapter 81 of the Laws of 1869, relating to cattle-guards. (Comp. Laws 1879, p. 785.) A trial was had in the district court, and judgment was rendered in favor of the plaintiff and against the defendant, who now, as plaintiff in error, seeks a reversal of that judgment.

The whole gist of the controversy in the court below was, whether the cattle-guards constructed by the defendant, and through which or over which the cattle entered the plaintiff's field, were proper cattle-guards or not. All other questions were admitted, or sufficiently proved. If the said cattle-guards were proper cattle-guards, then the plaintiff had no cause of action; but if they were not proper cattle-guards, then his cause of action was unquestionably established. We think the evidence clearly showed that they were not proper cattle-guards, and therefore that the plaintiff clearly established his cause of action.

The supposed errors committed by the court below are as follows: After the plaintiff had closed his evidence the defendant introduced W. C. Eldred as a witness, who testified that he had been in the employment of the defendant for about eight years, and that he had put in a great many cattle-

guards for the defendant during that time. The defendant then asked the witness the following question:

"I will ask you if it is not a fact that cattle get breachy with reference to these cattle-guards, the same as they do as to fences, and then is it not almost impossible for a cattle-guard to stop them?"

This question was objected to by the plaintiff, and the objection was sustained by the court, and the intended evidence was excluded. We think the ruling of the court below with regard to this question was correct. No evidence was introduced tending to show that the witness knew anything about cattle or their nature or habits; and hence, he was not a competent witness to testify with regard to cattle becoming breachy. The question was also leading; but as the plaintiff did not object to it for that reason, its leading character cannot now be considered as objectionable.

1. Cattle-guards —incompetent witness as to breachy cattle.

At the close of the evidence, the defendant asked the court to instruct the jury as follows:

"The court instructs the jury that the foundation of the plaintiff's claim to recover, is the alleged failure of the railroad company, defendant, to put in proper cattle-guards where the railroad passes through the inclosure of the plaintiff; and unless the jury believe from the evidence that the said railroad company did so fail to put in proper cattle-guards at such places, then they will find for the defendant; and the jury are further instructed that the mere fact alone that cattle got into plaintiff's field over such cattle-guards, is not conclusive evidence that said cattle-guards were not proper ones; that the defendant railroad company was only bound to use ordinary skill and precaution in putting in cattle-guards, and if the jury believe from the evidence that the defendant railroad company did put in such cattle-guards as were reasonably sufficient and proper, and such as are ordinarily in use in this country, they will find for the defendant, notwithstanding they may believe plaintiff's crops were damaged by cattle getting into plaintiff's field over or across such cattle-guards."

The court refused to give this instruction, and then charged the jury as follows:

"GENTLEMEN OF THE JURY: The plaintiff asks judgment

against the defendant railroad company for the sum of ninety dollars as damages, which he alleges he has sustained to his corn crop by cattle passing over improper cattle-guards constructed by defendant at the place where its road passes through the premises of plaintiff. The law makes it the duty of all railroad companies, whenever their road runs through improved or fenced land, to construct proper cattle-guards where they enter and where they leave such improved or fenced land. The intention of the law is to protect those owning or possessing improved or fenced land over which a railroad is constructed against the depredations of domestic animals; and the term 'proper cattle-guards' means such cattle-guards as shall be reasonably sufficient to prevent the ingress or egress of cattle into or out of the premises. The plaintiff claims for damages to his corn only. Therefore you will not consider any damage he may have sustained to his pasture, or for his services in protecting his crop. The burden of proof is on the plaintiff, and in order that he may recover he must show by a preponderance of evidence that the cattle-guards complained of were not proper ones, and that he sustained damage to his corn crop by reason thereof. If you thus find, your verdict will be for the plaintiff for the damage the evidence shows that he has sustained; otherwise you will find for the defendant."

The defendant does not claim that the instruction given was erroneous, but claims that the court below erred in refusing to give the instruction which it refused to give. Probably we should not consider this question, as the record does not sufficiently show that all the instructions given by the court below have been brought to this court; and hence, from anything the record shows, the court may have given substantially all that is embodied in the instruction refused. But as we do not think the court erred in refusing the instruction which it refused, although nothing like it may have been given, we shall proceed to consider the question. We think the instruction was properly refused, for the following reasons:

2. Instruction, rightly refused.

1. It embodied the proposition that "unless the jury believe from the evidence that the said railroad company did so fail to put in proper cattle-guards at such places, then they

will find for the defendant." The evidence showed that the defendant did in fact put in cattle-guards, which may possibly have been sufficient, (although from the evidence we do not think they were,) and that afterward they were broken and rendered almost useless; hence if the instruction had been given, it would have been misleading and erroneous. It did not have reference to the condition of the cattle-guards at the time the cattle passed over them or through them, but at the time when the company placed them in its road.

2. The instruction also contains the proposition that "if the jury believe from the evidence that the defendant railroad company did put in such cattle-guards as were reasonably sufficient and proper, and such as are ordinarily in use in this country, then they will find for the defendant."

Now, besides the above-mentioned evidence tending to show that the cattle-guards actually put in by the defendant were afterward broken and rendered almost useless, there was in fact no evidence introduced tending to show what

3. Instruction, properly refused. kind of cattle-guards "are ordinarily in use in this country;" and hence the instruction should not have been given, for this additional reason.

We do not think that the court below committed any material error; and we think the judgment of the court below was right upon the evidence, and therefore it will be affirmed.

All the Justices concurring.