## KLUENDER vs. THE CITY OF MILWAUKEE, imp.

*April 11 — May 31, 1883.*

*City charter — When abstract of title required from claimant of damages — Waiver — Interest on award.*

In an action to establish a trust in relation to land and to procure payment to the plaintiffs of money awarded for the taking of the same for public use, the city of Milwaukee (one of the defendants) answered that it had the money and was ready to pay the same to the person who should be adjudged entitled to it, and asserted no right to an abstract of title before making such payment. *Held:*

(1) Such answer was a waiver of a provision in the city charter requiring the claimant of moneys so awarded to furnish such abstract.

(2) Such provision of the charter was not intended to apply to a case like this, where, until judgment was entered, the plaintiffs had no record title to the land.

(3) The defendant city, not having paid the money into court, but having retained it or paid it to the party not entitled thereto, was properly adjudged to pay interest thereon from the commencement of the action.

APPEAL from the Circuit Court for *Milwaukee* County. The defendant city, on proper proceedings, duly obtained condemnation to the public use of lot 5, block 165, in the Second ward of said city, and thereupon the sum of $6,250 was duly and regularly awarded to the owner as compensation therefor. The legal title to lot 5 was in the defendant Louise Fenske. The plaintiffs claimed that she had no interest therein, but held the title in trust for them, and they brought this action to establish such trust and to procure payment to them by the city of the money so awarded to the owner of the lot. The action was commenced August 21, 1880. The city promptly answered that sufficient money to pay the award was provided, and that it was ready to pay the same to the party entitled to it whenever the ' court should determine who was so entitled. The case has been

here before on an appeal from a judgment dismissing the complaint, and is reported under the title of *Kluender v. Fenske*, in 53 Wis., 118. This court reversed the judgment of dismissal, and remanded the cause for further proceedings. The cause has again been tried in the circuit court, and the trial resulted in findings of fact and conclusions of law to the effect that the defendant Louise held title to the lot in trust for the plaintiffs, as alleged in the complaint, and that the plaintiffs were entitled to the money awarded as compensation therefor. Judgment was thereupon entered accordingly. The judgment requires the city to pay to the plaintiffs the sum of $6,250 so awarded for the lot, and interest from the commencement of the action. The city appeals from the judgment requiring it to pay the above sums to the plaintiffs.

For the appellant there was a brief by *P. J. Somers*, City Attorney, and oral argument by *Peter Rupp*, Assistant City Attorney.

For the respondents there was a brief by *Flanders & Bottum*, and oral argument by *Mr. Flanders*.

LYON, J. It is maintained on behalf of the city of *Milwaukee*, the appellant, that the court erred in rendering a money judgment against it, and if that position is not correct, that it was error to allow interest on the award. The claim that no judgment for the award could properly go against the city is based upon an alleged clause in the city charter, requiring the claimant for money so awarded to furnish an abstract of title, showing he is entitled thereto, before it shall be paid to him. This provision is for the protection of the city, and doubtless the city may waive it. The answer of the city, which asserts that it has the money, and is ready and willing to pay it to the person who shall be adjudged entitled to it, and which fails to assert the right to an abstract, or to notice the omission from the complaint of

an averment that one had been furnished, is, we think, an effectual waiver of such right. A better answer to the claim is that an abstract of the record title (and we suppose that is what the provision means) would have been entirely ineffectual to show the plaintiff's right to the money awarded. Until the judgment in this case was entered they had no record title, and an abstract would have been useless. It is manifest that the charter provision concerning an abstract could not have been intended to apply to a case like this. The judgment of the circuit court, in this case, fully informs the city that the plaintiffs are entitled to the money which it holds in trust for the former owner of lot 5. That is sufficient.

On the question of the right of the plaintiffs to recover interest from the commencement of the action but little need be said. The city had the money in its treasury at or about the time the action was commenced, and has retained control thereof ever since, unless (as stated by counsel for plaintiffs in his argument and tacitly admitted by counsel for the city) it paid the money over to its co-defendant, Louise Fenske, a short time after the commencement of the action. The city was justified in withholding the money from the plaintiffs until they established their right to it. But the judgment demonstrates that the plaintiffs were always entitled to the money. Whether they should recover interest on it depends entirely upon the manner in which the city has dealt with the fund, *pendente lite*. If the city had brought the money into court with its answer, no interest would be allowable. In that case the city would have been discharged from any liability to either party, and would have had no further concern with the action. The practice is indicated in R. S., 715, sec. 2610, although here it was unnecessary to bring in any new parties. This course was adopted by the insurance company in the case of *Foster v. Gile*, 50 Wis., 603, which was originally brought against the

company on a policy of insurance, and there were conflicting claimants for the money. The defendant Louise Fenske has not appealed. She is content that the award for lot 5 be paid to the plaintiffs. Had the city paid the money into court the plaintiffs could have drawn it out as soon as the judgment was entered, and the whole litigation would then have ended. But instead of paying the money into court and thus relieving itself from any further responsibility in the matter, the city has seen fit to retain the money, or to pay it over to the party not entitled to it, and has brought this appeal. What other delays and controversies may be in store for the plaintiffs before they get their money cannot be predicted. It is sufficient to know that they have already suffered delay and expense, and are in peril of further delay and expense before they can enforce payment of their judgment, and that all this would have been avoided had the city brought the money into court.

Under these circumstances, we think it just and equitable that the city should pay interest on the money awarded from the commencement of the action.

*By the Court.*— Judgment affirmed.