KLUENDER and another vs. FENSKE, imp.

*November 20 — December 11, 1883.*

Res adjudicata — *Right of separate appeal.*

The conflicting claims of F. and K. to the sum awarded for lands condemned to public use by a city were litigated in a suit to which the city was a party, and the money was adjudged to be paid to K. Upon an appeal by the city, to which F. was made a party, the judgment was affirmed. *Held*, that the right of K. to the money was *res adjudicata* as to all the parties, and a subsequent appeal by F. from the judgment is dismissed.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion.

In support of the motion to dismiss, there was a brief by *Flanders & Bottom*, and oral argument by *Mr. Flanders*.

*Winfield Smith*, of counsel, *contra*.

LYON, J. This case is now before us for the third time. The decisions on the two former appeals are reported in 53 Wis., 118, and 57 Wis., 636. By reference to these, the nature and objects of the action may be ascertained. This appeal is by the defendant, *Louise Fenske*, from the judgment in favor of the plaintiffs. The plaintiffs now move to dismiss the appeal for reasons stated in the motion papers, some of which will be considered.

The action is in the nature of an action of interpleader. Had the city of Milwaukee commenced an action against the plaintiffs and the present appellant, alleging the condemnation of the lot described in the complaint, the collection by the city of the amount awarded as compensation therefor, its readiness to pay the same to the parties entitled, and that such defendants were adverse claimants for the money, and demanding that they be required to litigate their right to the money, to the end that the court might determine the party entitled to it, so that the city could safely pay it over, the action would not be essentially different from the present action. These conflicting claimants of the fund did litigate their respective claims, and the trial court adjudged that the plaintiffs are entitled to the money. From that judgment the city appealed, and properly made the present appellant, *Fenske*, a party to the appeal. The notice of appeal is directed to and was duly served upon her attorneys. The appeal of the city, therefore, brought all of the parties before this court, and gave to each the opportunity to maintain in this court his or her rights. The city came and maintained that no judgment should go against it; or (such claim being overruled) that the recovery was too large. The plaintiffs came and contested both these positions. The present appellant, *Fenske*, might have come and contested the right of plaintiffs to the fund in controversy. The whole case was open. The plaintiffs prevailed, and, as between the parties to this action, it is now irrevocably deter-

Kluender and another vs. Fenske, imp.

mined that the city must pay the fund in controversy to the plaintiffs.

This appeal was taken long after judgment was entered on the appeal of the city. If this appeal be entertained it may result in a judgment for the money in favor of the appellant, and thus the city, without fault on its part, be compelled to pay the money twice. Because of the danger that such a contingency might happen, it is not probable that the appeal of the city would have been heard, had it failed to make the present appellant a party thereto, until her rights were properly brought before the court by some appeal to which she was a party. A proceeding in the nature of interpleader, to which but one of two claimants of the property or fund is a party, would be an anomaly in judicial procedure. Because she was properly made a party to the appeal of the city, and might have asserted her claims on the hearing thereof, we are of the opinion that she cannot now, after that appeal has been finally determined in favor of the plaintiffs, be allowed an independent appeal from the same judgment. The plaintiffs' right to the fund in controversy has been finally adjudged, and the judgment is *res adjudicata* in the case, binding all the parties to the action.

Other questions were argued on the hearing of the motion to dismiss the appeal, but we do not think any of them are necessarily involved in the determination of the motion. The appeal must be dismissed.

*By the Court.*— Appeal dismissed.