LEDEBUHR, Respondent, vs. WISCONSIN TRUST COMPANY, Respondent, and KRUEGER and others, Appellants.

*September 2 — September 23, 1902.*

*Appeal: Parties: Judgment when conclusive: Dismissal of separate appeal.*

1. Insurance money which had been paid into court was claimed by three parties, each of whose claims was exclusive of the claims of the others. One claimant appealed from those portions of the judgment which dismissed his claim and awarded the fund to a second claimant. All claimants were made parties to the appeal, but the third claimant did not appear thereon in the appellate court, which, after full hearing, reversed said portions of the judgment and adjudged that the money should be paid to the appellant. Afterwards the third claimant appealed and attacked that portion of the judgment which dismissed his claim. *Held* that, the rights of all parties having been adjudicated on the former appeal, and the time having expired within which the judgment might be changed on motion, the appellate court could not reconsider those rights, and, although the third claimant had technically a right to take his appeal, such appeal should be dismissed.

2. Alleged irregularities in practice on the former appeal, in that
   the printed case and briefs of appellant were not served upon
   the third claimant, were remediable under the rules, but did
   not affect the jurisdiction or create any exception to the rule
   that the judgment of the supreme court cannot be changed
   after the record has been remitted to the court below.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Appeal dismissed.*

The appellants, who are heirs at law of Albert C. Krueger, deceased, here appeal from the same judgment which was considered and reversed by this court upon the appeal of the plaintiff, *Charles Ledebuhr,* on January 7, 1902, reported 112 Wis. 657, 88 N. W. 607. The question was as to the rights of three distinct parties in an insurance fund which had been voluntarily paid into court by the Grand Grove of Wisconsin of the Order of Druids. The judgment awarded the fund to the administrator, in opposition to the claims of all the heirs at law and to the claim of the plaintiff, and expressly dismissed plaintiff's complaint and the claim of the Krueger heirs. The notice of *Ledebuhr's* appeal was duly served, both upon the administrator and upon the present appellants. The record was remitted from this court to the superior court of Milwaukee county about March 1, 1902, notice of *remittitur* promptly served, and on March 3, 1902, motion made for entry of judgment in accordance with the mandate of the supreme court. That motion, being heard, was denied without prejudice, for the reason that the case was then pending in the supreme court on the present appeal. After the rendition of judgment in this court, and before the record had been remitted to the superior court,—to wit, on or about January 5, 1902,—the present appellants, the Krueger heirs, in form perfected an appeal to this court, in response to which the record has been transmitted. They served notice of appeal upon the plaintiff's attorneys, the attorney for the

administrator, and the clerk of the court. *Charles Ledebuhr,* as respondent, now moves to dismiss the appeal.

*Adolph Huebschmann,* for the respondent, in support of the motion.

For the appellants, in opposition to the motion, there was a brief by *Sylvester, Scheiber & Orth,* and oral argument by *Fred Scheiber.*

DODGE, J. The situation of this case at the time of rendition of the judgment below presented a fund of $1,000 with three adverse claimants, namely, the plaintiff, the administrator of Albert C. Krueger, deceased, and, as a class, the heirs at law of said Albert C. Krueger. The claim of each was exclusive of the claims of all the others, and judgment awarding the fund to either by necessary implication adjudged invalid each of the other two claims. The judgment rendered, awarding the fund to the administrator, expressly dismissed the plaintiff's claim and also the claim of the Krueger heirs. The plaintiff appealed to this court from the two portions of the judgment affecting him, namely, that dismissing his complaint and that awarding the fund to the administrator, but not from the portion dismissing the claim of the Krueger heirs. Upon that appeal the portions appealed from by the plaintiff were reversed, both that awarding the fund to the administrator and that dismissing the complaint as to himself, and in lieu thereof it was adjudged by this court that the fund belonged to the plaintiff and should be paid to him. To that appeal all parties to the suit were made parties. All had the right and legal opportunity to appear and to be heard upon the two questions raised by plaintiff's appeal, namely, whether the award to the administrator should stand and whether the fund should be awarded to the plaintiff. The present appellants, the Krueger heirs, saw fit to remain silent, and this court, after full hearing and consideration, adjudged the fund to the plaintiff. Thereby it completely

adjudged that the Krueger heirs had no interest in it. They were parties before this court, and must abide its judgment or seek to correct it in the manner provided by law. This court has no power to modify or change its judgments, save upon motion for rehearing, or of that nature, presented in accordance with the statutes and its rules. After the time therefor has expired, and the record has gone down to the court below, its decrees are final and unchangeable. *Pringle v. Dunn,* 39 Wis. 435; *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329; *Hocks v. Sprangers,* 113 Wis. 123, 89 N. W. 113. From this view it is, of course, apparent that the present appeal can present no question upon which the court can further adjudicate.

The counsel for the present appellants points out that they now attack that portion of the judgment which expressly dismissed their claim, and which was not assailed on the plaintiff's appeal; but, conceding that this be so, it is already adjudged by this court that such element of the judgment was correct, for the effect of awarding the fund to the plaintiff was necessarily to dismiss the claim of these appellants. Could the court now disregard its former judgment and consider anew the rights of these appellants, and by reason of any new or unobserved facts or considerations reach the conclusion and render judgment that the fund be paid to them, the absurd position would be presented of two judgments of this court, each requiring the administrator, who had received the fund, to pay the whole amount thereof to each of two different persons. Each such judgment must then be enforced literally, for the first cannot be recalled nor altered. Any judicial procedure which could have such result would be at once self-convicted of absurdity. Technically, of course, the Krueger heirs have a right, within two years, to appeal from any part of the judgment rendered below; but when that judgment has been fully presented to this court, and the rights of the parties all fully adjudicated, such right of appeal is technical

and formal only, and can present no meritorious subject for determination,—can serve no practical purpose save to embarrass and delay the rights established by the final judgment. For the reasons expressed in *Kluender v. Fenske,* 59 Wis. 35, 17 N. W. 681, it is apparent that the proper practice under such circumstances is to speedily dismiss the appeal, instead of adding to the embarrassment and delay by waiting until the case can be reached in its order, and then entering a' judgment of affirmance, as we should be obliged to do by sec. 2829, Stats. 1898, for the reason that the appellants are not prejudiced by the portions of the judgment of the superior court appealed from.

Appellants' counsel complains of certain alleged irregularities in practice on the former appeal, in that neither the printed case nor the appellant's briefs were served upon him. If this be true, his remedy was provided for by the rules. He might, term after term, at the cost of the appellant, have secured continuances of the case, or, for protracted delay, might have obtained dismissal; but such omissions in practice cannot affect the jurisdiction of this court over parties who are brought before it by the service upon them of notice of appeal, and are not recognized by the statute as constituting any exception to the rule, above stated, that the judgments of this court, after the record has been transmitted to the trial court, are final and beyond our own power to change.

For the reasons above stated, we can reach no other conclusion than that the present appeal by the Krueger heirs should be dismissed.

*By the Court.*—Appeal dismissed.