METZLER, Appellant, vs. METZLER, Respondent.

*September 4—September 24, 1907.*

*Divorce: Vacating judgment for fraud: Service of process: General appearance.*

1. Where plaintiff in a divorce action, by false and fraudulent affidavits that defendant's residence and postoffice address were unknown to him and could not be ascertained, procured an order for service of the summons by publication only, the court properly vacated and held void the order for service, the service thereunder, and the judgment in favor of plaintiff.
2. Whether the appearance of defendant upon her motion to set aside the service and judgment was a general appearance in the action or not, the proceedings and judgment were properly set aside because of plaintiff's fraud.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

The appeal is from an order in an action for divorce.

Plaintiff and defendant were married at Rochester, Indiana, December 4, 1886, and lived together until 1901. This action was commenced March 21, 1906. The complaint states that the plaintiff has resided in the state of Wisconsin for three years preceding the commencement of the action, and applies for the divorce on the ground of cruel and inhuman treatment. The court, by an order based on the affidavit of plaintiff's attorney that the postoffice address and residence of the defendant were unknown, directed the summons to be served by publication, and that deposit of a copy of the summons and complaint addressed to the defendant be omitted because the defendant's postoffice address could not be ascertained. On August 18, 1906, defendant not having appeared in the action, judgment of divorce was entered, and it was decreed that neither of the parties should remarry within a year.

On October 29, 1906, the defendant obtained an order

from the circuit court for Milwaukee county requiring plaintiff to show cause why a motion to set aside and vacate the order for the publication of the summons and the judgment in the action should not be granted. . The defendant stated that she "appears specially herein for the purpose of this motion, and not otherwise;" and alleges:

"That said order for publication is void and was obtained by fraud, in this: that at the time of making the affidavit upon which said order was obtained, and at the time said order was obtained, the plaintiff could have known and did know that the defendant then resided at Rochester, in Fulton county, in the state of Indiana, and that her postoffice address was at that place.

"That the judgment obtained in said action was obtained by fraud upon the defendant and upon the said court, . . . and the fact of the pendency of the action was concealed from the defendant for the purpose of obtaining the decree of divorce without her knowledge and to conceal from the court the fact of the defendant's whereabouts and to prevent her from making a defense thereto; that the summons was not served on the defendant herein, and that the court acquired no jurisdiction in said action.

"That said judgment and decree is void for the further reason that on the 16th day of September, 1906, following the date of the decree in this proceeding, viz., August 18, 1906, plaintiff in this action married one Ada A. Drudge in Fulton county, Indiana, in violation of the decree in this proceeding and in violation of the statute. In support of this void marriage, in violation of the decree in this proceeding, defendant herein submits as part of this motion a certified copy of the plaintiff's and said Drudge's application for a marriage license, and the return of one Rev. McNeely, who performed the marriage ceremony."

It appeared from the affidavits filed with this motion that the plaintiff and the defendant had always lived at Rochester, Indiana, until the plaintiff left there in 1901; that he was a frequent visitor there thereafter, and that he had met the defendant upon the streets of the city; that his parents lived

there and other relatives, among them a brother, who had conducted the divorce action for him in 1901; and that defendant had not left there. The other records filed showed that plaintiff had married on September 16, 1906, at a place about six miles from Rochester, Indiana, then the residence of the defendant.

On November 24, 1906, the court made the following order:

"It is ordered and determined that the order for publication of summons in the above-entitled action is void, and that the service thereof upon the defendant is void and of no effect, and that the judgment entered in said action is void and of no effect, for want of jurisdiction and because the acts of said plaintiff in said motion mentioned and complained of constitute a fraud upon the court. It is further ordered and determined that the service of said summons be and the same hereby is vacated and set aside, and that said judgment be and the same hereby is vacated and set aside. It is further ordered and determined that, if said defendant so elects, she may become an actor in this suit, and serve an answer to the plaintiff's complaint herein within twenty days from the 24th day of November, 1906, said election to be made within five days from said 24th day of November, 1906."

The defendant did not elect to answer in the action under the provisions of this order. The plaintiff has appealed from this order.

For the appellant there was a brief by *W. O. Thomas,* attorney, and *Turner, Hunter & Goff,* of counsel, and oral argument by *C. F. Hunter.*

For the respondent there was a brief by *Holman & Stephenson* and *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill.*

SIEBECKER, J. The facts disclose that plaintiff secured an order for the service of the summons on defendant by publication by securing an affidavit that defendant's residence and postoffice address were unknown and that plaintiff, in

the exercise of due diligence, was unable to make personal service thereof on defendant, when in truth and fact he then knew her residence and postoffice address, and that by this false and fraudulent means he obtained service of the summons by publication. Upon this state of facts the court held that the plaintiff had committed a fraud upon the court in securing service of its process, and upon this ground declared the proceedings in the action void and held that the proof of service and the judgment of record in the case should be held for naught; and it declared them vacated and set aside. Under the circumstances this was proper action by the court, for the reason that a court will not permit such an abuse of its process. When it is brought to its attention "the court should vindicate the integrity of its process by setting aside its service and turning the plaintiff out of court as a punishment for his fraud." *Townsend v. Smith,* 47 Wis. 623, 3 N. W. 441; *Saveland v. Connors,* 121 Wis. 28, 98 N. W. 933, and cases cited; *Reed v. Williams,* 29 N. J. Law, 385.

It is urged that by calling attention, for the purpose of this motion, to plaintiff's misconduct in remarrying against the decree of the court, defendant appeared generally in the action and thereby waived all right to the relief sought by her, and that this general appearance conferred jurisdiction validating the proceedings and judgment in the case. This claim has no force, for the reason that the defendant's action in calling attention to plaintiff's misconduct in no way affects the right and duty of the court to set aside the service and to vacate the judgment on account of plaintiff's fraudulent and wrongful conduct in obtaining service of process in the action. Whether defendant appeared specially or generally in this proceeding is therefore wholly immaterial, and that fact need not be determined on this appeal. *Townsend v. Smith, supra.*

*By the Court.*—The order appealed from is affirmed.