APPLETON WATER WORKS COMPANY, Respondent, vs. CITY OF APPLETON, Appellant.

*September 12—September 29, 1908.*

*Appeal: Correction of judgment: Subsequent appeal: Mandate construed: Interest on recovery against municipal corporation: Demand.*

1. The decision of a question by this court, even if erroneous, is not subject to correction after the term upon an appeal from the judgment of the trial court entered in accordance therewith.
2. This court having, upon a former appeal, directed judgment in plaintiff's favor "based upon and measured by the provisions and terms of" a certain contract, it is *held* that plaintiff's right to recover interest was not then determined, but must depend upon the terms of the contract and the acts of the parties with reference thereto.
3. Except as otherwise provided by statute, after a claim has been properly presented to a municipal corporation and payment duly demanded such claim will draw interest if interest would be allowable on a like claim against an individual.
4. Even where the time of payment for service rendered to a municipal corporation, as well as the amount, is definitely fixed by

contract, a demand for payment is necessary to create a default which will start the running of interest.

5. Where a city charter provides that no action shall be maintained against the city upon any claim or demand until it shall first have been presented to the council for allowance, a claim for services rendered will not draw interest until so presented.

6. A water company, which had been furnishing water to a city under a contract providing for certain rentals payable every six months, asserted that such contract was no longer in force and that it would thereafter furnish water at an increased rate and would exact monthly payments for the service. Afterwards, in an action to recover such increased rentals as upon an implied obligation of the city to pay what the service was worth, it was decided that the original contract was still in force, and plaintiff was permitted to recover in accordance with its terms. The city had at all times been ready and willing to pay on the basis of that contract. *Held*, that there had been no such demand as would start the running of interest upon the sum due on the contract.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

This case was before this court on a former appeal and is reported in 132 Wis. 563, 113 N. W. 44. Reference is made to that case for a statement of the facts material to be considered upon this appeal.

After the record was remanded to the trial court, judgment was rendered in that court in favor of the plaintiff and against the defendant for $3,904.27 damages and $396.33 costs, making an aggregate of $4,300.60. The judgment for damages included interest to the amount of $693.02, interest having been computed on the balance due under the terms of the contract from the time it became due until the date of the rendition of the judgment. The allowance of such interest is the error upon which defendant relies for a reversal of the judgment.

For the appellant there were briefs by *Greene, Fairchild, North & Parker,* counsel, and oral argument by *B. H. Stebbins.* They argued, among other things, that the mandate of the supreme court is not now open to amendment or con-

struction. Anything omitted therefrom must have been intentionally so omitted. The failure to provide affirmatively for interest is conclusive that interest cannot be allowed. *Whitney v. Traynor,* 76 Wis. 628; *Ludington v. Palton,* 121 Wis. 649, 664; *Everett v. Gores,* 92 Wis. 527; *Jennings v. Parr,* 66 S. C. 384, 44 S. E. 962; *Meyer v. Kohn,* 33 Cal. 484; *In re Washington & G. R. Co.* 140 U. S. 91, 94; *The Glenochil,* 128 Fed. 963; *Green v. C., S. & C. R. Co.* 49 Fed. 907. Recent cases show the practice of this court to direct in the mandate the allowance of interest, when interest is proper. *Forster, W. Co. v. F. MacKinnon Mfg. Co.* 130 Wis. 281, 293; *Brillion L. Co. v. Barnard,* 131 Wis. 284, 303; *Loverin & B. Co. v. Travis,* 135 Wis. 322. Municipal indebtedness will not carry interest, in the absence of an express contract to pay interest, until after demand and refusal of payment. *Carr v. State ex rel. Coetlosquet,* 127 Ind. 204, 11 L. R. A. 370, 375; *Savings & L. Soc. v. San Francisco,* 131 Cal. 356, 63 Pac. 665; *State ex rel. Parrott v. Board of Pub. Works,* 36 Ohio St. 409; *Tillson v. U. S.* 100 U. S. 43; *Pekin v. Reynolds,* 31 Ill. 529, 532. Municipal corporations differ from other debtors in that the law does not penalize them with interest for failure to pay their debts when due, but only after a proper demand has been made upon them and payment has been refused. *Donnelly v. Brooklyn,* 7 N. Y. Supp. 49, affirmed 121 N. Y. 9, 24 N. E. 17; *Taylor v. Mayor,* 67 N. Y. 87, 94; *O'Keeffe v. New York,* 176 N. Y. 297, 298; *Grant Co. v. Lake Co.* 17 Oreg. 453, 21 Pac. 447; *Savings & L. Soc. v. San Francisco,* 131 Cal. 356, 63 Pac. 665; *Boott C. Mills v. Lowell,* 159 Mass. 383, 34 N. E. 367; *Chicago v. People ex rel. Norton,* 56 Ill. 327, 334; *Vider v. Chicago,* 164 Ill. 354, 45 N. E. 720; *Peoria v. Fruin-B. C. Co.* 169 Ill. 36, 48 N. E. 435; *Danville v. Danville W. Co.* 180 Ill. 235, 54 N. E. 224; *Coles Co. v. Goehring,* 209 Ill. 142, 70 N. E. 610, 616; *O'Herrin v. Milwaukee Co.* 67 Wis. 142.

For the respondent there was a brief by *Quarles, Spence*

*& Quarles,* attorneys, and *George Lines,* of counsel, and oral argument by *Mr. Lines.* They contended, *inter alia,* that upon default in its contract obligations the city must pay interest the same as a private contractor. Upon the principles applicable to private contracts interest has been adjudged against the state: *Martin v. State,* 51 Wis. 407; *State ex rel. Sloan, S. & M. v. Warner,* 55 Wis. 271. Against a county: *Land, L. & L. Co. v. Oneida Co.* 83 Wis. 649; *Rice v. Ashland Co.* 114 Wis. 130; *Spooner v. Washburn Co.* 124 Wis. 24, 35, 36. Against a city: *Kluender v. Milwaukee,* 57 Wis. 636. Against a town: *Mills v. Jefferson,* 20 Wis. 50; *Packard v. Bovina,* 24 Wis. 382. These decisions are in harmony with the great weight of authority elsewhere. *Respublica v. Mitchell,* 2 Dall. 101; *Milne v. Rempublicam,* 3 Yeates, 102; *Swann v. Turner,* 23 Miss. 565; *In re O'Berry,* 179 N. Y. 285; *Harrodsburg W. Co. v. Harrodsburg* (Ky.) 89 S. W. 729; *Lonsdale Co. v. Woonsocket,* 25 R. I. 428, 56 Atl. 448; *New Orleans v. Fisher,* 180 U. S. 185; *Louisville v. Henderson's Trustee* (Ky.) 13 S. W. 111; *Barfield v. Louisville* (Ky.) 64 S. W. 959; *Coan v. Brownstown Tp.* 126 Mich. 626, 86 N. W. 130; *Koshkonong v. Burton,* 104 U. S. 668; *Toledo C. E. Co. v. Toledo,* 13 Ohio Dec. 137; *Cooke v. Saratoga Springs,* 23 Hun, 55. Cases holding interest not recoverable on county or town orders are not applicable since they are governed by special statutes.

BARNES, J. Considerable discussion is devoted to the proposition that the mandate of this court expressly prohibited the entry of any judgment for interest. If the former judgment of the court passed upon that question adversely to the plaintiff, it is not now subject to correction, even if the conclusion were conceded to be erroneous. *Everett v. Gores,* 92 Wis. 527, 66 N. W. 616; *Ledebuhr v. Wis. T. Co.* 115 Wis. 214, 91 N. W. 1012; *Hocks v. Sprangers,* 113 Wis. 123, 136, 87 N. W. 1101, 89 N. W. 113. We do not con-

strue the decision or mandate of the court as foreclosing the plaintiff on this question. The plaintiff was simply relegated to its rights under the contract. The city was "contending that it is liable only for the amount stipulated in the contract of November 4, 1881." Judgment was authorized "in plaintiff's favor for the several months' service for which this action is brought, based upon and measured by the provisions and terms of the contract of November 4, 1881," less offsets, and judgment was ordered in favor of the plaintiff "in accordance with this opinion." 132 Wis. 575, 113 N. W. 49. It was clearly the purpose of the court to give such judgment to the plaintiff as it was entitled to upon the established facts under the contract in question. If that contract and the subsequent action of the parties entitled the plaintiff to interest, then there is nothing in the former decision which precludes a recovery of such interest. If plaintiff is not entitled to recover interest under the contract and the acts of the parties in reference thereto, then there is nothing in the judgment or decision of this court which confers upon the plaintiff a right to such interest.

Neither are we disposed to follow those cases which hold that a municipal corporation is not liable for interest on an indebtedness due from it in the absence of an express promise to pay. If the question is an open one in this state at all, no good reason is apparent why, after a claim is properly presented to a municipal corporation and payment is duly demanded, such claim should not draw interest if interest would be allowable on a like claim against an individual. This statement has, of course, no reference to statutory provisions exempting municipalities from the payment of interest on certain kinds of indebtedness.

One of the substantial contentions of the appellant is that the claim of the plaintiff did not begin to draw interest until after a demand for payment was made, and that no such demand was made in this case as would entitle the plaintiff to

interest. The consolidated claims were not founded on express contract, but were based on an implied obligation to pay what the services were reasonably worth. Nothing was due on the express contract until August 1, 1904, yet claims aggregating $6,000 were filed before that time. Nothing was due on account of the services rendered for August, September, and October, 1904, until February 1, 1905, yet long prior to that time appeals had been taken from the action of the common council of the city of *Appleton* on bills rendered for those months, and the causes had been noticed for trial. This court permitted a recovery on an express contract where suit was brought on an implied one, not because the plaintiff was strictly entitled to such judgment on the issues raised, but because the indebtedness on the express contract was admitted and no good reason was apparent why the litigation should not be brought to a close. The time of payment for the service rendered, as well as the amount of it, was definitely fixed by the contract. If private individuals were involved, no demand for payment would have been necessary to start the running of interest. With municipal corporations the rule is different, in some jurisdictions at least, and a demand of payment is held necessary to create a default on the part of such corporations so as to set interest running. The principle upon which this distinction rests is that the law does not contemplate that a public officer shall leave his office and search out the creditor and tender him in currency or otherwise the amount of his bill. The number of bills paid by a city in the course of a year is large, and, if the treasurer were obliged to search out each claimant and pay him what was due him, an onerous burden would be imposed upon such officer. The universal practice is for the creditor to seek his debtor and demand payment of the obligation when that debtor is a municipal corporation. We think it is the duty of the creditor to make such demand, and that until it is made the municipality is not in default.

This view of the law is supported by the following decisions: *Donnelly v. Brooklyn,* 7 N. Y. Supp. 49, affirmed *S. C.* 121 N. Y. 9, 24 N. E. 17; *Taylor v. Mayor,* 67 N. Y. 87, 94; *O'Keeffe v. New York,* 176 N. Y. 297, 298, 68 N. E. 588; *Boott Cotton Mills v. Lowell,* 159 Mass. 383, 34 N. E. 367; *O'Herrin v. Milwaukee Co.* 67 Wis. 142, 30 N. W. 239.

Besides, the charter of the city of *Appleton* provided (sec. 25, subch. V, ch. 47, Laws of 1876; sec. 24, subch. V, ch. 441, Laws of 1885) that "no action shall be maintained . . . against the city, upon any claims or demands of any kind whatsoever, whether arising from contract or otherwise, until such person shall have first presented such claim or demand, duly verified under oath, to the common council for allowance." Other charter provisions required the audit of such claims and their allowance by the common council before any order should be drawn in payment thereof. These provisions required the presentation of the plaintiff's claim for hydrant rental before any action could be begun to recover the same. *Oshkosh W. W. Co. v. Oshkosh,* 106 Wis. 83, 81 N. W. 1040; *Vogel v. Antigo,* 81 Wis. 642, 645, 51 N. W. 1008; *Fleming v. Appleton,* 55 Wis. 90, 12 N. W. 462; *O'Donnell v. New London,* 113 Wis. 292, 296, 89 N. W. 511; *Morrison v. Eau Claire,* 115 Wis. 538, 541, 92 N. W. 280; *Bunker v. Hudson,* 122 Wis. 43, 50, 99 N. W. 448.

In this case the plaintiff did not make any demand under the contract which was held to be in force. It was entitled to six months' rental on August 1, 1904, and to a like amount on February 1, 1905. It asserted that the contract was no longer in force, and that it was entitled to monthly payments, based upon an implied obligation to pay what the services were worth, instead of on an express contract under which it was entitled to semi-annual payments. It claimed nearly $300 per month more than it was entitled to receive. The city might well have disallowed the bills and stopped there. Plaintiff never evinced any intention to accept or

receive the amount legally due it. Its action on the consoli-
dated claims might well have been dismissed, in which event
it would have been required to make a new demand based on
its contract. It would not be entitled to interest until such
demand was made. It was not the intention of this court,
either express or implied, to give any undue advantage to
the plaintiff by directing judgment in its favor in this case.
The testimony shows that the defendant stood ready and
willing, at any time a demand was made upon it under the
terms of the contract, to pay on that basis. The fact that
its allowances fell short by $1.32 of the amounts that would
be due for eight months' rental upon the contract basis was
in all probability due to the fact that the plaintiff filed its
February bill, presumably on the contract basis, for $1,019,
instead of $1,019.16⅔. The additional allowance of six-
teen and two-thirds cents per month would undoubtedly
have been made if the plaintiff had asked for it. From an
equitable standpoint the plaintiff was not injured by the
failure of the city to include this sixteen and two-thirds
cents per month in its offer to pay. The plaintiff might
have taken $1,219 on account of August early in September,
$1,219 for September early in October, and $1,219 for Oc-
tober early in November. It was not entitled to any of these
amounts until the following February. Had it accepted the
offer of payment made, it would have had the use of these
sums for several months, which, if placed at interest, would
have amounted to much more than $1.32. In any event the
record clearly shows that defendant was ready and willing to
pay upon the basis of the contract as soon as anything became
due thereon at any time the plaintiff was willing to take
what it was entitled to. We conclude that a demand was
necessary, and that no such demand was made in this case
as would start the running of interest on the sum for which
judgment was ordered.

Furthermore, the city was relieved from making any al-

lowance or offer of payment on the basis of the contract held to be in force. On February 20, 1904, the plaintiff repudiated the obligations of its contract and stated that in lieu thereof it would furnish water at a materially increased rate, and that it would exact monthly payments for the service it rendered. This notice advised the city that monthly payments of $1,500 would be received in payment for the water used by it, and nothing less. Under this declaration an offer of a less amount would be wholly unavailing. Interest to the amount of $693.02 was erroneously allowed in the judgment appealed from.

The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in favor of the plaintiff and against the defendant for $3,607.58.

*By the Court.*—It is so ordered.