WILCOX and another, Respondents, vs. PORTH and others, imp., Appellants.

*September 16—October 7, 1913.*

*Municipal corporations: Officers: Liability for moneys wrongfully paid: Taxpayers' action: Improvement contracts: Delay in payment: Right of contractor to interest: Claims: Verification: Jurisdiction of council.*

1. The mayor and a majority of the common council of a city having unlawfully and without jurisdiction authorized and caused the payment to a street contractor of a certain sum as interest in the nature of damages on account of delay in making payment upon his contract, and it being apparent that it would be futile to request those officers to institute an action for the recovery thereof, an action may be maintained against them by taxpayers to compel restoration of the money to the city treasury.

2. Although paving work completed in December was not accepted nor the contractor paid by the city until the following July, the contractor was not entitled to interest upon the contract price, there being no express provision therefor in the contract and it appearing that a condition of the contract requiring, before acceptance, not only a report by the city engineer but also a sworn statement by the contractor as to the completion of the work had not been complied with, and fur-

ther that because of the condition of the pavement, resulting from frost, no proper examination or inspection of it could be made during the winter and spring.

3. Following, as it does, the general grant of power to the common council to audit and allow claims against the city, the provision in sec. 5, ch. IX, of the charter of Green Bay (Laws of , 1882, ch. 169) that no claim or demand whatever shall be allowed unless the same is verified, is mandatory and not' directory merely; hence the allowance by the council, without any verified claim, of interest in the nature of damages for delay in payment of moneys to the contractor was without jurisdiction.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This is an action by plaintiffs as residents and taxpayers of the city of Green Bay for and in their own behalf and all other taxpayers of the city to recover from the defendants the sum of $734 for the benefit of the city.

The complaint alleges that this sum of $734 was unlawfully paid out of the funds of the city, by the direction of the defendants, as city officers, to the defendant Hill.

It is alleged that on March 9, 1910, the city through its common council entered into a contract with the defendant Hill for the pavement of part of one of the city streets with asphalt on cement foundation; that the pavement was not completed until the 15th day of December, 1910; that the proper examination and inspection of the pavement was necessarily delayed, on account of its condition resulting from frost, until the following summer; that the defendant Hill, as such contractor, agreed and became bound by the contract for paving this avenue as follows:

"On the completion of the contract all portions of the work must be gone over carefully by the contractor personally or by his accredited representative, who must satisfy himself that every item is completed and all defects made good, and that all surplus material, refuse, dirt, or rubbish is cleaned up and removed, and that the whole work is in a finished, satisfactory, neat, and tidy condition, and ready in all respects for

acceptance by the city. A sworn statement that the condition of the work is as just stated will be required from the contractor in addition to the report of the city engineer, before the work will be accepted by the committee on streets and bridges."

It appears from the allegations in the pleading that this affidavit and the engineer's report of the satisfactory completion of the work had not been filed with the city on July 7, 1911. On this day a report of the street and bridge committee was filed with the common council, stating in effect that the contractor, Hill, had completed the contract for the improvement of Monroe avenue and recommending that the work be approved and accepted and that the city issue certificates and bonds pursuant to the assessment theretofore made against abutting property. It is alleged that the plaintiff *Wilcox* as a member of the committee signed the report and that the report was adopted by the vote of the members of the common council and that plaintiffs as members thereof voted in favor of its adoption; that the members of the common council, including the plaintiffs, unanimously passed a resolution authorizing the issuance of the certificates and bonds upon the abutting property in part payment of the improvement to J. F. Hill, the contractor. It further appears by the pleadings that the common council on August 4, 1910, by a majority vote of the members thereof, passed a resolution, pursuant to a recommendation of the street and bridge committee, authorizing the payment of the sum of $734 by the city to the contractor, J. F. Hill, as interest on account of the delay of the payment of the amount due him for the completion of the contract for this street improvement. The plaintiffs as members of the common council voted against its authorization. No verified claim or written demand for this claim of interest was ever presented or filed by the contractor, J. F. Hill, against the city.

It is alleged that the members of the common council acted

in good faith in authorizing the payment of this amount and honestly believed that the same was justly and legally due Hill on account of delay in paying him by issuance of certificates and bonds on the abutting property. The plaintiff demurred to the answer on the ground that the facts alleged do not constitute a defense. . The court sustained the demurrer. This is an appeal from the order sustaining the demurrer to the answer.

*J. H. M. Wigman*, for the appellants.

For the respondents there was a brief by *Minahan & Minahan*, and oral argument by *E. R. Minahan*.

SIEBECKER, J. The appellants assert that the demurrer to the answer relates back to the complaint, challenges its sufficiency, and that it appears upon facts pleaded and not controverted that no cause of action exists against the defendant. There is no dispute as to the above stated facts, and from them it appears that the plaintiffs demand recovery of the sum of $734 from the defendant for the benefit of the city of Green Bay. It is alleged that the defendant caused this sum to be paid to Hill, the contractor, as damages for an alleged delay in paying what was due him on the contract for the pavement of the city street without any legal right to do so.

The plaintiffs' right to maintain this action is questioned upon the ground that a private person as a resident and taxpayer cannot sue to recover money actually paid out by the city. It is contended that such persons have the right only to protect their interests and those of the public generally by means of an injunction to prevent unlawful appropriation and squandering of the public funds. It is apparent from the facts that the city mayor and a majority of the common council, who participated in the authorizing of this appropriation and the payment thereof out of the city treasury, would not take the necessary steps to institute an action to recover

this sum from themselves and thus restore it to the city, and that it would be futile to insist that demand be made upon them to commence such an action for this purpose. Under these circumstances it was proper for the plaintiffs to commence this action in behalf of themselves and all others similarly situated to compel restoration of this money to the city treasury. *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Egaard v. Dahlke,* 109 Wis. 366, 85 N. W. 369, and cases cited; *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; *Webster v. Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964.

It is also claimed that since the defendants acted in good faith in allowing the claim, and their action in the matter being of a *quasi*-judicial nature, no liability exists against them under the facts pleaded.

These contentions present the question whether or not this claim has any legal foundation in the terms of the contract, and, if the contract imposes no such obligation, was there a proper claim presented to the common council in the nature of damages so as to confer jurisdiction on that body to allow it as a claim for damages suffered by the contractor on account of some tortious conduct of the city officers in respect to this contract for the improvement of the street. The facts pleaded show that the members of the common council who acted on this claim treated it as a proper allowance to the contractor, Hill, to compensate him for being deprived of the use of the money which was to be paid him for completing the work, from December 13, 1910, to the date of its acceptance by the street and bridge committee of the common council on July 7, 1911. On July 7th the street and bridge committee recommended acceptance of the work and that certificates and bonds be issued by the city against the abutting property owners for the amounts theretofore assessed. It appears that the city council adopted these recommendations of

the street and bridge committee on July 7th, and authorized the issuance of the certificates and bonds which were delivered to and accepted by the contractor, Hill, in payment of the amounts due him on the contract from such abutting property owners.   There is no provision in the contract by which the city expressly promised to pay any interest on any sums due under the contract.   We must then determine whether the contractor was entitled to any interest in the nature of damages for wrongful delays in payment of any portion of the moneys that became due thereunder.   The contract provided that on the completion of the improvement, in addition to the engineer's report and before acceptance of the work by the street and bridge committee, a sworn statement was required of the contractor or his accredited representative to the effect that the contract had been executed in accordance with its terms in the several particulars specified. This sworn statement was never furnished by the contractor, nor was a report of the city engineer, of the satisfactory state of the work, ever made to the city council.   It is also alleged that the pavement could not be examined and inspected on account of its soft condition during the winter and spring of 1911, for the purpose of ascertaining whether it was in compliance with the terms of the contract.   These facts show that the contractor had omitted to perform an essential condition of the contract to entitle him to demand payment of the amount due therein prior to July 7th, when the proper committee saw fit to waive this condition and accepted the work; and also that the condition of the pavement during the winter and spring of 1911 justified the committee in delaying its acceptance.   It is therefore established that there was no express promise to pay interest on the amount due the contractor for the improvement from the date of its completion to the day of payment, and that the city did not wrongfully delay acceptance of the work.   Under the circumstances Mr. Hill was not in a position to make a claim for interest upon any

express promise, nor was he in position to set interest running on the amount claimed by him by a simple demand of payment. *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908; *Appleton W. W. Co. v. Appleton,* 136 Wis. 395, 117 N. W. 816.

It appears that Hill did not file a verified claim with the city for interest as damages for delay in paying him the amount due for work done. The charter of the city of Green Bay (Laws of 1882, ch. 169), ch. IX, sec. 1, provides: "The common council shall have power to audit, adjust, and allow claims and demands of every nature against the city, except such claims or demands as are' payable out of the school fund;" and by sec. 5 of said chapter it is further provided: "No claim or demand whatever shall be allowed by the common council, unless the same is verified by the owner thereof or some person in his behalf."

The negative form of the last provision, following the preceding affirmative grant of power to deal with claims and demands, shows that a claim against the city, such as one for interest in the nature of damages, cannot be entertained by the common council unless it is properly verified as required by these provisions. The negative words, coupled with an affirmative grant of power, to audit and allow claims and demands, import that the provisions of the grant are mandatory and not directory merely. *Bladen v. Philadelphia,* 60 Pa. St. (10 P. F. Smith) 464; *State ex rel. Shaw v. Thompson,* 21 N. Dak. 426, 131 N. W. 231. This principle was affirmed by this court in the following cases: *Appleton W. W. Co. v. Appleton,* 136 Wis. 395, 401 (117 N. W. 816) and cases there cited; *Northern T. Co. v. Snyder,* 113 Wis. 516, 534, 89 N. W. 460.

Under the facts alleged in the complaint and answer admitted upon this demurrer, it appears that the members of the common council and the mayor of the city who audited and allowed this claim of the contractor and directed the

amount thereof to be paid him acted in the matter where no legal liability existed under an express promise of the city to pay the amount allowed, and that they acted without jurisdiction in attempting to audit and allow a claim as interest in the nature of damages on account of delay in paying any moneys due the contractor under the street improvement contract. From the circumstances and conditions of the case it follows that the allowance of the claim by the common council was without any authority in law and that the common council acted without jurisdiction in the matter. This presents a case where the plaintiffs, as taxpayers, may maintain this action upon the principles established by the cases first above cited. We must hold that the complaint states a good cause of action and that the demurrer. to the answer was properly sustained.

*By the Court.*—The order appealed from is affirmed.