MARION v. CITY OF DETROIT.

1. INTEREST—DEFINITION.

Interest is the compensation allowed by law, or fixed by the parties, for the use or forbearance of money, or as damages for its detention.

2. SAME—STATUTES—CONSTRUCTION—COMMON LAW.

Interest statutes are in derogation of the common law and must be strictly construed.

3. SAME—DEMAND.

Where a demand is necessary as a foundation for a claim of interest, it must be a distinct demand for the sum of money to which the person making the demand is entitled, and if the statute requires that a demand be made in writing, substantial compliance with requirements must be made to start the running of interest.

4. SAME—WRONGFUL WITHHOLDING OF MONEY.

Interest is generally allowed for wrongful withholding of money as the just measure of damages for the violation of duty.

5. SAME—SUSPENSION—CREDITOR'S PREVENTION OF PAYMENT OF PRINCIPAL.

Interest on a debt is suspended during time a debtor is prevented from making payment due to any improper act or omission of the creditor or to such conduct on his part as prevents the debtor from complying with his contract to pay.

6. EMINENT DOMAIN—PENDENCY OF APPEAL—INTEREST.

Money deposited by municipal corporation, pursuant to statute, charter provisions and verdict of jury in condemnation proceedings, with city treasurer in a special fund which a property owner can receive at any time may be treated as tender before an appeal is taken and the municipal corporation is not then required to pay interest thereon during the period of such deposit (1 Comp. Laws 1929, §§ 3763–3783; Detroit Charter, title 8, chap. 1, § 16).

7. SAME—STATUTES—DEPOSIT OF AWARD—INTEREST—DEMAND.

Under statute and charter provisions pursuant to which condemnation proceedings were conducted, deposit of amount of award with city treasurer and notice thereof to property owner amounted to a tender and stopped running of interest, where the statute provided moneys were then payable on demand; such provisions being neither unreasonable, unconstitutional or a deprivation of property without due compensation (1 Comp. Laws 1929, § 3778; Detroit Charter, title 8, chap. 1, § 16).

8. STATUTES—CONSTRUCTION—COMMON LAW.

When what is expressed in a statute is creative and not in a proceeding according to the course of the common law, it is exclusive and the power exists only to the extent plainly granted.

9. SAME—PAYMENT OF AWARD—DEMAND.

Under statute and charter provisions relative to payment of award to those entitled thereto "on demand," the city treasurer could, according to law, pay only on demand (1 Comp. Laws 1929, § 3778; Detroit Charter, title 8, chap. 1, § 16).

10. MANDAMUS—PAYMENT OF INTEREST—DEMAND.

Mandamus will not lie to compel payment of interest on an award in condemnation proceedings under statute and city charter after money was set apart for its payment and notice given to those entitled thereto where no distinct demand was made for the sum of money to which the party making it was then entitled (1 Comp. Laws 1929, § 3778, Detroit Charter, title 8, chap. 1, § 16).

Appeal from Wayne; Jeffries (Edward J.), J., presiding. Submitted April 26, 1938. (Calendar No. 39,893.) Decided June 6, 1938. Rehearing denied October 3, 1938.

Petition by Adolph N. Marion and wife for a writ of mandamus requiring the City of Detroit, its treasurer, its comptroller and its council to pay interest on a condemnation award. Writ allowed. Defendants review by appeal in the nature of certiorari. Suggestion of death of Adolph N. Marion. Case revived in name of Charles A. Marion, administrator of estate of Adolph N. Marion, deceased. Reversed and writ vacated.

*Ira F. Morgan* (*Louis H. Fead,* of counsel), for plaintiff.

*Raymond J. Kelly,* Corporation Counsel, and *Walter Barlow,* Chief Assistant Corporation Counsel, for defendants.

MCALLISTER, J. In condemnation proceedings brought by the city of Detroit, plaintiffs received a jury award in the amount of $670,537.28. On Janu-

ary 19, 1937, an order of confirmation of said verdict
was entered by the circuit court of Wayne county.
On February 24, 1937, the treasurer of the city of
Detroit notified plaintiffs by mail that the necessary
funds had been provided by the city of Detroit and
were set apart in the city treasury for the payment
of the award as ascertained by the jury in the con-
demnation proceedings.

After the confirmation of the award by the circuit
court on January 19th, plaintiffs appealed to the
Supreme Court. The judgment of the lower court
was affirmed on June 29, 1937.*

On September 10, 1937, the city treasurer again
advised defendants by letter that the money awarded
to plaintiffs on condemnation was being held by the
treasurer and stated that interest would be com-
puted up to and including June 29, 1937, the date
of affirmation of the judgment. On September 20,
1937, counsel for plaintiffs wrote the city attorney
repeating a complaint which he had previously made
about the entry of the city on plaintiffs' property
and mentioned the letter he had received from the
city treasurer notifying plaintiffs that the city was
holding the money on the award. He concluded the
letter by stating:

"Therefore, on behalf of my clients I demand
payment of the judgment with interest computed up
to and including September 20, 1937, and any delay
in making payment will incur an added accrual of
interest per day of $91.86 which will have to be
added to the check. The computation of principal
and interest due as of September 20, 1937, totals
$692,980.38."

A similar letter was written by plaintiffs' counsel
to the city treasurer.

---

* *In re Petition of City of Detroit to Condemn Lands for Sewage
Disposal Plant,* 280 Mich. 708.—REPORTER.

On October 19, 1937, a stipulation was entered into between the parties to this case in which it was agreed that the award in the amount of $670,537.28 be paid by the city of Detroit to plaintiffs without any prejudice as to the claims of the parties relating to the interest claim.

On October 23, 1937, plaintiffs filed a petition for a writ of mandamus in the circuit court for the county of Wayne, alleging that they were entitled to interest on the award in the amount of $24,801.20 as computed from January 19, 1937, to October 15, 1937; and upon order to show cause being issued, defendants filed answer setting forth that the money to pay plaintiffs' award was set aside in the treasury on February 23, 1937, and that plaintiffs had been notified thereof. The city further denied that plaintiffs were entitled to recover the interest claimed and asked that the writ of mandamus be dismissed.

On November 9, 1937, the writ of mandamus prayed for by plaintiffs was granted by the circuit court for the county of Wayne and the city was commanded to pay forthwith to plaintiffs, the sum of $24,801.20 with lawful interest thereon from October 15, 1937 until the date of payment.

On December 15, 1937, an order was made by this court granting defendants leave to appeal in the nature of certiorari from the writ of mandamus, issued November 9th, requiring the immediate payment of the amount of interest claimed by plaintiffs.

The question presented for review is whether plaintiffs are entitled to interest from January 19, 1937, the date of confirmation of the award by the circuit court, to October 15, 1937, the date on which payment of the award was made, on stipulation reserving adjudication of the interest claim.

The city of Detroit proceeded in the condemnation of the property in question under the provisions of Act No. 149, Pub. Acts 1911 (1 Comp. Laws 1929, §§ 3763–3783 [Stat. Ann. §§ 8.11–8.31]). Among the provisions of the act are the following:

"SEC. 10. The jury shall determine in its verdict the necessity for the proposed improvement or for the accomplishment of the proposed purpose, and for taking such private property for the use and benefit of the public for the proposed improvement or for the accomplishment of the proposed purpose, and in case it finds such necessity exists, it shall award to the owners of such property and others interested therein such compensation therefor as it shall deem just." (1 Comp. Laws 1929, § 3772.)

"SEC. 13. Motions for a new trial or to arrest the proceedings shall be made within six days after the rendition of the verdict, unless further time is allowed by the court, and if no such motion is made, or being made is overruled, the court shall enter an order or judgment confirming the verdict of the jury, and such judgment or confirmation, unless reversed by the Supreme Court, shall be final and conclusive as to all persons interested therein." (1 Comp. Laws 1929, § 3775.)

"SEC. 15. The said appeal may be brought on for hearing at any term of the Supreme Court and said court may affirm, or for any substantial error reverse the judgment and may grant a new trial. The said court shall allow the prevailing party his reasonable costs and expenses, to be taxed, and give judgment as in other chancery appeals, and all costs, damages and expenses awarded to the petitioner, if it so elect, may be applied on or deducted from the compensation if any to be paid, or execution may issue on the judgment." (1 Comp. Laws 1929, § 3777.)

"Sec. 16. When a verdict of the jury shall have been finally confirmed by the court, and the time within which to take an appeal has expired, or if an appeal is taken, on the filing in the court below of a certified copy of the order of the supreme court affirming the judgment of confirmation, it shall be the duty of the clerk of the court to transmit to the petitioner a certified copy of the verdict of the jury and of the judgment of confirmance, and of the judgment if any of affirmance, and thereupon, or within one year thereafter, said petitioner shall set apart and cause to be provided the amount required to make compensation to the owners of and persons interested in the private property taken as awarded by the jury, and shall by resolution direct to the persons respectively entitled to the money so set apart and awarded; and it shall be the duty of the treasurer of the petitioner to hold said money so set apart, to securely keep said money for the purpose of paying for the property taken and to pay the same to the persons entitled thereto according to the verdict of the jury on demand, and not pay out the money for any other purpose. * * * Whenever the amount of compensation is thus set aside and thus secured to be paid, the petitioner may enter upon and take possession of and use such private property for the purpose for which it was taken. In case of the resistance or refusal on the part of anyone to the petitioner entering upon and taking possession of such private property, for the use and purpose for which it was taken, at any time after the amount of compensation aforesaid is actually set aside and ready to be paid to those entitled thereto, the petitioner may apply to the court and shall be entitled on making a sufficient showing to a writ of assistance to put it in possession of the property." (1 Comp. Laws 1929, § 3778.)

The provisions of the charter of the city of Detroit providing for the condemnation of private

property for the use and benefit of the public in no manner conflict with the statute to which reference is above made.   Title 8, chap. 1, § 16 of the charter of the city of Detroit provides:

"Within one year after confirmation of the verdict of the jury, or after the judgment of confirmation shall on appeal be confirmed, the council shall set apart and keep to be provided in the treasury, unless already provided, the amount required to make compensation to the owners and persons interested for the private property taken as awarded by jury, and shall in the resolution setting apart and providing said sum, if not already provided, direct the city treasurer to pay to the persons respectively entitled to the money so set aside and provided, to each his or her proportion, as ascertained and awarded by said verdict.   And it shall be the duty of the treasurer to securely hold such money in the treasury for the purpose of paying for the property taken, and pay the same to the persons entitled thereto, according to the verdict of the jury, on demand, and not pay out the money for any other purpose whatever."

In the instant case, the amount required to make compensation to plaintiffs was set apart February 23, 1937, and was held by the city treasurer for the purpose of making payment to plaintiffs.   According both to statutory and charter provisions, it was the duty of the treasurer to make such payment on demand.   Plaintiffs never made a demand.   They first decided to appeal.   After the appeal was determined against them on June 29, 1937, they made no effort to collect the money which had been set apart for the payment of their claim.   This money, according to statute and charter, could be used for no other purpose.   Plaintiffs had been advised previously, in February, that the money was being held

for them. Later, in September, after the decision by the Supreme Court, plaintiffs were again advised that the treasurer was holding this money for payment of their award. The reply of their counsel to this notification was that plaintiffs demanded payment of the award together with interest at the rate of $91.86 per day from January 19, 1937, to September 20, 1937, and that the said award would draw this amount of interest until paid.

"Interest is the compensation allowed by law, or fixed by the parties, for the use or forbearance of money, or as damages for its detention." 33 C. J. p. 178.

"Interest statutes are in derogation of the common law and must be strictly construed." *Straus* v. *Elless Co.*, 245 Mich. 558, 562.

"Where a demand is necessary as a foundation for a claim of interest, it must be a distinct demand for the sum of money to which the person making the demand is then entitled. And, where the statute requires a demand to be made in writing, there must be a substantial compliance with its requirements in order to start the running of interest." 33 C. J. p. 235.

"Interest is generally allowed for such wrongful withholding thereof, in which case it is allowed as the just measure of damages for the violation of duty." 33 C. J. p. 203.

"If the failure to make payment of the principal debt is due to any improper act or omission of the creditor, or to such conduct on his part as prevents the debtor from complying with his contract to pay, interest on such debt is generally suspended during the time the debtor is so prevented from making payment." 33 C. J. p. 239.

In *Reisner* v. *Railroad Co.*, 27 Kan. 382, in hold ing that a deposit in a condemnation proceeding prevented the recovery of interest, the court said:

"Where the money has been deposited as required by the statute, for the benefit of the landowner, and upon appeal the landowner recovers less than the deposit, such deposit may be treated as a tender before the appeal, and the railroad company is not required to pay interest during the pendency of the appeal. It is true, that the appeal vacates the assessment, but as the landowner had the opportunity to accept such deposit, and on appeal recovers a less sum, whereby it is determined that he should have taken the deposit rather than have appealed, he ought not to be entitled to interest after the refusal of the deposit so tendered."

In *Chicago, S. F. & C. R. Co.* v. *Eubanks,* 130 Mo. 270 (32 S. W. 658), in holding that a landowner was not entitled to interest on the final award in condemnation proceedings where the award had been paid into court, it was said:

"By section 21 of article 2 of the Constitution, as well as by section 2736, Revised Statutes, 1889, the landowner's property shall not be disturbed or his proprietary right therein divested, until the award of the commissioners shall be paid to the landowner, or into court for him, and as the money is paid in for him, subject at all times to his disposition, the railroad company cannot be required to pay interest on defendant's money by his carelessness or obstinacy left idle and unproductive."

In *March* v. *Railroad Co.*, 19 N. H. 372, it was held that where the amount of the commissioners' award for land taken under eminent domain was tendered the owner, which he refused, taking an appeal, and he failed to increase the allowance of damages, he could not be allowed interest on the amount tendered.

In *City of Eau Claire* v. *Eau Claire Water Co.,* 137 Wis. 517, 542 (119 N. W. 555), it was held:

"Where the purchase money has been tendered, and had been so appropriated to the purpose of the tender that the purchaser has received no benefit therefrom meanwhile, and the failure of the seller to receive it and enjoy its use is due wholly to his own fault, no very good reason is apparent why the loss of interest which such money might have earned if put to use should fall on the innocent purchaser. * * * In the present case it appears that the amount of the tender has been, through all of the period of litigation, strictly set apart and appropriated, as, indeed, it needed to be in case at any moment the defendants should change their attitude and tender conveyance. True, it may not have been put out of the control of the defendants, but it was kept in the hands of the city treasurer, an officer of the law, whose duty it was by law to pay it over to the defendants when they complied with the legal requirements. *When a municipal corporation thus sets aside and appropriates money to a debt, and places it with an officer of the law as a special fund which the debtor can receive at any time, it is at least such tender as is effective to stop interest.*"

In *Appleton Water Works Co.* v. *City of Appleton,* 136 Wis. 395, 399 (117 N. W. 816), in passing upon the question of whether a judgment against the defendant city, under the circumstances of that case, included interest, the court said:

"One of the substantial contentions of the appellant is that the claim of the plaintiff did not begin to draw interest until after a demand for payment was made, and that no such demand was made in this case as would entitle the plaintiff to interest. * * * *If private individuals were involved, no demand for payment would have been necessary to start the run-*

*ning of interest. With municipal corporations the
rule is different, in some jurisdictions at least, and
a demand of payment is held necessary to create a
default on the part of such corporations so as to set
interest running.* The principle upon which this
distinction rests is that the law does not contemplate
that a public officer shall leave his office and search
out the creditor and tender him in currency or other-
wise the amount of his bill. The number of bills paid
by a city in the course of a year is large, and, if the
treasurer were obliged to search out each claimant
and pay him what was due him, an onerous burden
would be imposed upon such officer. The universal
practice is for the creditor to seek his debtor and
demand payment of the obligation, when that debtor
is a municipal corporation. We think it is the duty
of the creditor to make such demand, and that, until
it is made, the municipality is not in default.''

In 33 C. J. p. 244, it is stated:

''Where a debt is payable at a particular time and
place, and the debtor provides sufficient funds at
such time and place to pay the debt, it is generally
held that such readiness to make payment, if main-
tained, amounts to a legal tender, and interest is
accordingly denied during the time the funds are so
held for the purpose of making such payment. But
if the debtor withdraws the funds and appropriates
them to a different purpose, interest will, according
to some decisions, be recoverable from maturity of
the debt, and, according to others, from the date of
withdrawal.''

In this case, the setting aside of the sum for pay-
ment of plaintiffs' award and the holding of such
amount by the city treasurer separate and apart for
this purpose, payable to plaintiffs, was, in effect, a
tender, and interest does not run against the judg-
ment of award from the time when the said moneys

were so set apart in compliance with the charter and statute. The same provisions specifically state how the said sums shall be paid—"on demand."

In *Taylor* v. *Michigan Public Utilities Commission,* 217 Mich. 400 (P. U. R. 1922 D, 198), the court said:

"*Expressio unius est exclusio alterius* has been a long time legal maxim and a safe guide in the construction of statutes marking powers not in accordance with the common law.

" 'No maxim of the law is of more general or uniform application, and it is never more applicable than in the construction and interpretation of statutes.' Broom's Legal Maxims, p. 663, cited in *Whitehead* v. *Cape Henry Syndicate,* 105 Va. 463 (54 S. E. 306).

"When what is expressed in a statute is creative, and not in a proceeding according to the course of the common law, it is exclusive, and the power exists only to the extent plainly granted. Where a statute creates and regulates, and prescribes the mode and names the parties granted right to invoke its provisions that mode must be followed and none other, and such parties only may act. 2 Lewis' Sutherland Statutory Construction (2d Ed.), §§ 491-493."

The statute and charter provisions in this case having provided the mode of payment of the award, the city treasurer could, according to law, pay only on demand. There was nothing unreasonable in such provisions of the law. There is nothing unconstitutional in such charter or statutory provisions. They do not deprive plaintiffs of their property without due compensation.

No demand was ever made until seven months after the money for payment of the award was set aside, and after plaintiffs had been informed that it was available to them. The demand made by plaintiff's counsel in September cannot be said to be a demand even as of that date, as it was not a distinct

demand for the sum of money to which the party making it was then entitled. 33 C. J. p. 235.

In no event, therefore, would plaintiffs be entitled to interest on the award after February 23, 1937, when the funds for payment thereof were set aside and plaintiffs were notified to this effect.

From the foregoing, it follows that the issuance of the writ of mandamus by the circuit court for the county of Wayne was error and the said writ is hereby vacated, with costs to defendant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.