EVERETT, Respondent, vs. GORES, Receiver, Appellant.

*February 19 — March 10, 1896.*

(1) *Wrongful cutting of timber: Damages: Interest.* (2, 3) *Supreme court: Inadvertent error, when may be corrected: Mandate construed.*

1. Where, in an action for the wrongful cutting of timber, the plaintiff recovers, under sec. 4269, S. & B. Ann. Stats., the highest market value of the manufactured product thereof, interest on such value should not be allowed. *Smith v. Morgan,* 73 Wis. 375, followed. It was not intended to change this rule upon the former appeal in this case (89 Wis. 421), but the words "with interest" were inserted in the opinion inadvertently.

2. Where this court, by an inadvertence, has remanded a cause with directions to enter judgment for a certain sum *with interest,* when in fact interest should not have been allowed, such erroneous decision cannot be corrected after the term at which it was rendered, upon an appeal from the judgment entered pursuant thereto.

3. A judgment for a certain sum with interest from a certain time having been reversed by this court, and judgment directed for a larger sum "with interest," such direction required the allowance of interest from the same date as in the original judgment.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Hume & Oellerich*, and oral argument by *John W. Hume*.

*B. E. Van Keuren*, for the respondent.

WINSLOW, J. This was an action for the wrongful cutting of pine timber. It was tried, and the respondent recovered judgment for the stumpage value thereof, viz. $3 per 1,000 feet, with interest from the time of the cutting. From this judgment the present respondent appealed to this court, and the case will be found reported in 89 Wis. 421. It was there held that, because the defendant had not filed an affidavit that the cutting was done by mistake, as provided by sec. 4269, S. & B. Ann. Stats., the judgment should have been for the highest market value of the manufactured product of the timber cut, which had been found by the court to be $10 per 1,000. The opinion then proceeds: "The claim for the largest amount found by the court, *with interest*, should have been allowed." The case was remanded to the trial court with directions to enter judgment in favor of the plaintiff as indicated in the opinion. The case having been remitted, the trial court entered judgment for $10 per 1,000, and interest from the time of the cutting. From this judgment the defendant has now appealed, claiming that no interest should have been allowed, and citing *Smith v. Morgan*, 73 Wis. 375.

When this case was here upon the former appeal it was not intended to change the rule laid down in *Smith v. Morgan* as to the recovery of interest. Nor is it now our intention to do so. The words "with interest" were inadvertently inserted in the opinion. But that decision was rendered at the last term of this court, and it cannot be corrected after that term has passed. Though erroneous, it must stand as the law of this case. The only question before us on this appeal is whether the judgment is in accordance with the mandate on that appeal. Unquestionably it is. The first

judgment was for a certain sum, "with interest from the time of the cutting." This was reversed, and the court was directed to enter judgment for a larger sum, "with interest." The only reasonable construction which can be placed on the expression "with interest" under such circumstances is that interest is to be allowed from the same date as allowed by the trial court in the original judgment. This is the judgment rendered, and it must be affirmed.

*By the Court.*— Judgment affirmed.