## GATES *v.* COMSTOCK.

1. TRESPASS—CUTTING TIMBER—MEASURE OF DAMAGES.
    In an action for trespass to land by cutting the timber thereon, an instruction that the measure of damages is the depreciation in the value of the land by reason of the trespass, and that the value of the stumpage, while proper to be considered by the jury, is not conclusive upon the amount of the recovery, is not improper, although the value of the land consisted exclusively in the timber, where there is testimony showing the value of the real estate both before and after the trespass.

2. SAME—INTEREST—TREBLE DAMAGES.
    In such case, interest on the amount of damages from the date of the injury is allowable, and, where included in the verdict, is to be treated as a part of the damages for the purposes of 2 How. Stat. § 7957, providing for treble damages in actions of trespass.

3. SAME—INTENT.
    A trespass is willful and intentional, authorizing the trebling of damages under said statute, where it appears that the defendant and his employés knew the location of the boundary line between defendant's land and that of the plaintiff before the trespass was committed.

4. SAME—PARTNERSHIP.
    A member of a firm is equally liable with his copartners under such circumstances, although having no personal knowledge of the situation.

5. SAME—EVIDENCE—COST PRICE.
    In trespass for cutting timber, evidence of the cost to plaintiff of that portion of the tract of land upon which the trespass was committed, based upon the purchase price for the entire tract, and the comparative value of the timber upon the two portions, is competent upon the question of damages, where such purchase price was based on the stumpage.

Error to Alpena; Kelley, J. Submitted February 5, 1897. Decided May 28, 1897.

Trespass under 2 How. Stat. chap. 272, by Samuel G. M. Gates against Andrew W. Comstock and William B.

Comstock, survivors, etc. There was a judgment for plaintiff, and both parties bring error. Affirmed.

*J. D. Turnbull* (*Humphrey & Grant* and *C. L. Collins*, of counsel), for plaintiff.

*Frank Emerick* and *J. H. Cobb*, for defendants.

MONTGOMERY, J. This is an action of trespass on lands, brought under the statute authorizing recovery of treble damages in case of willful trespass. The case was before the court, and is reported in 107 Mich. 546, and was sent back for a new trial. The declaration has since been amended to conform to the requirements of the former opinion, the case again tried, and the plaintiff has recovered a verdict of $2,295, upon which judgment was entered for three times the amount by the circuit judge. The defendants again bring error.

On the last trial the plaintiff's right to recover for any trespass actually committed upon the lands in question appears not to have been controverted. The questions for determination were whether the defendants cut and removed the timber in question; if they did, whether they were liable in treble damages; and as to what rule should have been given to the jury on which to measure the damages in the verdict. The circuit judge charged the jury that the action was brought for an injury to the freehold; that the question for the determination of the jury was how much plaintiff's property had been injured,—his property in the land and timber; what was the loss or injury to the real estate, to the land, to the freehold, sustained, —and further said:

"It is not, arbitrarily, so much a thousand stumpage, or so much a thousand for the boards, or anything else. * * * You may consider what the value of the timber was, as some aid to your judgments in determining what should be the compensation in this case. I have permitted to go to you the value of the logs,—the value of the stumpage, I would say,—not as conclusive, not for the purpose of governing you as to how much this plain-

tiff ought to recover, if he is entitled to recover at all, but for the purpose of throwing some light upon the extent of the injury to the freehold in this case."

This instruction is complained of on the ground that, as the value of the land was shown to have been exclusively in the pine timber, the value of the stumpage should properly measure the recovery. We do not understand counsel for the defendants to contend that the instructions do not, in the abstract, state the correct rule, but the contention is that, as applied to this particular case, such instruction is misleading. But we think the charge not open to this objection, under the proofs in the case. There was testimony showing the value of the real estate both before and after the trespass, which it was proper for the jury to consider.

It is further claimed that the court erred in instructing the jury to add interest to the amount of damages, from the time of the injury. We think there was no error in this. See *Snow* v. *Nowlin*, 43 Mich. 383; *Cook* v. *Perry*, Id. 623; *Winchester* v. *Craig*, 33 Mich. 205; *Woods* v. *Gaar, Scott & Co.*, 93 Mich. 143.

But it is contended that if it is proper to include interest in the verdict, as a part of the damages recoverable, yet such damages should not be trebled. This question has never been expressly decided by this court. The case of *Howser* v. *Melcher*, 40 Mich. 185, is cited in support of defendants' contention. That case arose under a statute differing materially from the one here involved, and the verdict included an item for rent, an item of interest on the amount, and an item called "damages." The court said:

"There is no provision to recover or treble anything else than 'damages,' whatever may enter into them. Nothing except what the jury find and report as 'damages' is authorized to be trebled, and, in trebling the damages found, the language of the verdict must control."

But whether the verdict would be capable of being trebled in making up the judgment, if properly found and

113 MICH.—9.

reported as damages, the court did not decide, as it was deemed unnecessary for the determination of the case.

The statute under consideration provides that the person guilty "shall be liable to the owner of such land   *   *   * in three times the amount of damages which shall be assessed therefor, in an action of trespass, by a jury." 2 How. Stat. § 7957. We think this statute contemplates the trial of the cause, the assessment of damages according to the usual forms of law by the jury (which would, in a proper case, include interest), and that such damages, when so found, shall be trebled by the court. See *Lane* v. *Ruhl*, 103 Mich. 38.

Complaint is also made of the instruction of the court to the jury upon the subject of whether the trespass was casual and involuntary. The instruction complained of is as follows:

"If you believe the testimony of Mr. Comstock, that he knew where that line was before he commenced to cut upon his own timber, and if you further find from all the evidence in this case that a trespass was committed upon the Gates lands, and committed by these defendants, then I instruct you that it would be willful and intentional trespass."

We think this instruction justified by the testimony in the case. Mr. W. B. Comstock testified that he knew where the south boundary line of defendants' land was in 1891 and 1892, that the line was plainly marked when they began cutting, that he showed this line to both of defendants' foremen, and that they both knew where it was. The real question of fact in controversy would appear by the evidence to have been whether the lands of plaintiff had been previously cut over, or whether, on the other hand, they were cut during the winter of 1891 and 1892, by defendants. This cutting was strenuously denied by defendants, and as earnestly insisted upon by the plaintiff, and the evidence was conflicting; but, in view of the testimony of Mr. Comstock, it can hardly be said that, if there was a cutting at all, it was casual and involuntary.

It is also contended in this court that it was error to treble the damages as to defendant Andrew W. Comstock, without showing that the trespass was intentional on his part.    We think this position cannot be maintained. The cutting was by the agents of the firm of which Andrew W. Comstock was a member, and we think he is liable for the full consequences of the trespass.

Complaint is made of the ruling of the circuit judge permitting testimony as to the cost of these lands to the plaintiff, and admitting the plaintiff's own estimate of the value of the lands, it appearing that he never had seen them.    The cost was shown by evidence of the purchase price paid for these lands, together with others, in one body, upon the basis of the pine estimated; the purchase price of the whole being $22,500, and the estimated purchase price of these lands, upon this basis, being $5,500. We think this testimony was not wholly incompetent, as it tended to show what these specific lands in fact brought, if the purchase price was based upon the stumpage, as would appear to be the case by the testimony.

The testimony of the witness Gates as to the market value, we think, should have been excluded.    But it is quite evident from the testimony that the market value, which he fixed at $6,000, was really based upon the stumpage, assuming that the timber was there, and it is evident that the testimony of this witness could not have misled the jury.    Indeed, the verdict of the jury shows conclusively that this testimony must have been rejected, as the verdict was for $2,295, which included interest from the date of the trespass up to the time of the trial. We are therefore of the opinion that the error worked no prejudice to defendants.

The plaintiff has also brought error, and asks that we enter judgment in this court for the amount of the purchase price of this timber, agreed to, as paid by the plaintiff. As will appear from the opinion of the court when the case was here before, the plaintiff derived his right of action by assignment from one Hurst.    Hurst had agreed

to sell these lands, with other lands, to the plaintiff, at the price of $22,500. The plaintiff's claim is that upon this basis the lands in question would have brought Hurst $5,500, and that, therefore, the damages to Hurst must have been that amount, and that, as plaintiff sues in his right, he is entitled to recover that sum. There are two obstacles in the way of granting the request of plaintiff: *First*, it is to some extent a matter of speculation as to whether the purchase price of these lands would be $5,500; and, *second*, the plaintiff submitted a special question to the jury, as follows: "Did these three forties, known as the Gates lands, or the pine timber thereon, cost plaintiff at least $5,500?" which question was answered in the negative. We certainly could not enter judgment in the face of this finding. The most we could do would be to reverse the judgment and remand the case for a new trial. As we do not understand the plaintiff to ask this, the judgment of the court below will be affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.