# Atlanta & Birmingham A. L. Ry. v. Brown.

## Damages for Trespass by Stock on Account of Defective Cattle Guard.

(Decided Dec. 17, 1908. 47 South. 73.)

1. *Pleading; Separate Cause of Action; Conjunctive Allegation.*— Where causes are conjunctively alleged in the same count, different in their nature, but of the same class, both must be proven to authorize a recovery, but such conjunctive allegation of different causes does not render the complaint demurrable because of a combination of two different causes in one count.

2. *Railroads; Operation; Cattle Guard; Demand for.*—The statute requiring the putting in of guards and the keeping of the same repair whenever the owner of the land through which the railroad runs shall make demand on it or its agents, does not require that the landowner make the demand on the special agent who is bound to construct the cattle guards; it is sufficient if a demand be made upon the corporation or any of its authorized agents.

3. *Same; Repair; Demand.*—Section 3840, Code 1896, does not require a new demand to repair cattle guards when they get out of repair. When the demand is made to place them it becomes the duty of the company to construct them and keep them in repair.

4. *Same; Injuries From Construction; Trespass by Cattle; Complaint.*—A complaint in an action against a railroad for trespass by stock on account of the failure to erect and maintain in good condition cattle guards need not specify which particular cattle guards are out of repair; it is sufficient if it charges a failure to keep the cattle guards in repair.

5. *Same.*—It being a matter of evidence that cattle guards were needed to prevent the trespass of stock upon land through which the railroad ran, a complaint which alleges that such guards were nec-

essary, need not go further and alleges that when the demand was made on the company to construct cattle guards that plaintiff showed the company that cattle guards were necessary.

6. *Same; Evidence of Ownership; Instruction.*—Where the action was against the Atlanta & Birmingham Air Line Railway, and the proof showed that the railroad that ran through plaintiff's land was known as the Atlanta & Birmingham Air Line Railway, and assessed for taxes by that name, a prima facie case was established; and defendant failing to introduce any evidence to the contrary, the court properly based its charge on the idea that the defendant owned the road.

7. *Same; Measure of Damages.*—In an action against a railroad for injury to land, crops, etc., by stock trespassing thereon, on account of the failure to erect and keep in proper condition cattle guards, the measure of damages is the value of the things destroyed, and not the difference in the value of the lands before and after destruction.

8. *Trespass; Injury to Land; Measure of Damages.*—The general rule for the measure of damages in actions for trespass to land itself is the difference in the value of land before and after the trespass.

9. *Damages; Injury to Land; Negligence; Measure of Damages.*— In an action for negligence resulting in injury to lands and crops the recovery of damages is limited to the value of the things destroyed, provided such things have a value which can be ascertained without reference to the soil; and not the difference in the value of the land before and after such destruction.

10. *Same; Expenses Incurred.*—With the provision that plaintiff can not recover in all more than the amount of damages which he would have been entitled to, had not the expense been incurred, it was competent to show what expense was incurred by plaintiff in trying to keep trespassing stock off his land, where the action was for a failure to erect and keep in repair cattle guards.

11. *Same; Injury to Land; Measure of Damages.*—Where one is prevented from cutlivating his land from depredation of stock, where the land had been prepared for cultivation, the measure of damages is what was lost by being prevented from cultivating the land, and not the rental value thereof.

12. *Same; Destruction of Crops; Measure of Damages.*—The measure of damages for the destruction of crops is the value of the crops at the time they were destroyed.

13. *Same; Instructions Not Covered by Evidence.*—Where plaintiff proved what the grass destroyed was worth, but introduced no evidence as to what the lands would have brought for hay and pasturage, a charge instructing that plaintiff could recover the value of such hay and pasturage was erroneous.

14. *Landlord and Tenant; Injury to Land; Right of Action.*—A landlord who is entitled to a share of the crops as rent, may recover to the extent of his share where the crops are destroyed by trespassing stock.

15. *Same.*—Where it appeared that the plaitiff had leased the land to tenants for a share of the crops, and there was a conflict in the evidence as to the amount of damages, a charge authorizing the jury

[Atlanta & Birmingham A. L. Ry. Co. v. Brown.] .

to consider the damages not only to plaintiff's share but to the entire crop, was erroneous.

16. *Interest; Unliquidated Demand.*—Where damages for the destruction or injury to the property have an ascertainable money value, it is proper to add to the damages ascertained, interest from the date when the injury was done.

17. *Evidence; Opinion.*—A witness cannot give his opinion as to the amount of damage done to crops by trespassing stock, but must testify to the facts themselves from which the jury will ascertain the damages.

18. *Evidence; Memoranda; Admissibility.*—Where memoranda of the amount of damage to property by stock trespassing were not made at the time of the examination of the crop, and the witness did not make the necessary statement to render the memoranda themselves admissible, and the witness did not state that he had independent knowledge of the matters therein contained, the memoranda were not admissible in evidence as an estimate of the damages.

19. *Appeal and Error; Curing Error.*—Error in admitting in evidence memoranda containing estimate of damages to stock by trespassing stock is not cured by instruction that such memoranda are not conclusive evidence.

APPEAL from St. Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by W. T. Brown against the Atlanta & Birmingham Air Line Railway for trespass on lands by stock on account of the failure of defendant to erect and keep in proper condition cattle guards. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following charges were refused to defendant: (1) The general affirmative charge. (2) "I charge you that plaintiff is not entitled to recover any damages for any injury or any destruction of the crop on said lands in the year 1905." (3) "I charge you that, under the evidence in this case, plaintiff had no title, interest, or property in the growing crops on said land, during 1905, for which he can recover damages in this case." (6) "I charge you that plaintiff cannot recover damages for any interest or property in the crops which might have been growing on said land." (9) "I charge you that plaintiff can only recover in this case damages for such

injury to his reversionary interest in said land as were of a permanent character, and the injury or destruction of said chops growing on said land during the year 1905 is not such an injury to his reversionary interest for which plaintiff can recover."

The complaint was in the following language: "Plaintiff claims of defendant, a corporation, the sum of $1,900 as damages, for that defendant is a corporation, and as such corporation was, on or about the 1st day of January, 1905; and prior thereto, and at all times during the year 1905, engaged in the operation of a railroad in and through St. Clair county, Ala., which said railroad passed through the grounds and fields of plaintiff, towit, through the lands of plaintiff situated in the town of Ragland, and of plaintiff situated in section 7 and 18, all in township 15, range 5 east, and all situated in St. Clair county, Ala., and thereby rendered cattle guards or stock gaps necessary to prevent the depredation of stock upon plaintiff's said lands and growiing crop on said lands; that defendant negligently failed and refused to put in or supply cattle guards at the several points where said railroad entered the said land of plaintiff, so as to prevent stock of all character from entering on plaintiff's land and destroyinig plaintiff's crops, which were at the time growing and being grown on said land, notwithstanding plaintiff made repeated demands on L. B. Parsons, the superintendent of defendant, prior to the injury thereinafterwards complained of, said railroad, and other agents of said railroad corporation, to have good and sufficient cattle guards or stop gaps placed on said railroad at such point where defendant's said railroad entered the lands of plaintiff, but defendant negligently failed so to do, and as a proximate result of such negligence of defendant, and by reason of the insufficient cattle guards or stop gaps so placed by

defendant at said point where defendant's said railroad enters the said lands of plaintiff and defendant's said negligent failure on plaintiff's land to repair the same, at divers times during the year 1905 large numbers of cows, hogs, goats, horses, and other stock entered into said fields and lands at said point on defendant's said railroad, and injured and destroyed plaintiff's fruit trees, growing crops of corn, wheat, grass, hay, and cotton, and did great depredation to plaintiff's land and all crops growing thereon, by eating said growing crops, tearing down said fruit trees, tramping the ground, and entirely destroying plaintiff's crop, and by reason of such negligence of defendant in the failure to repair and put good and sufficient cattle guards at said point plaintiff has been put to great expense and labor and loss of time in trying to keep said stock out of his said field and preventing greater depredation, all to plaintiff's damage."

There was judgment for plaintiff in the sum of $541.20.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. No duty is imposed by common law on railroads to put in cattle guards. It is only by virtue of the statute that this duty arises.—Sec. 3480, Code 1896; 5513 Code 1907; *L. & N. R. R. Co. v. Murphy,* 129 Ala. 432. The value of the land before and after the trespass is the proper rule to apply in ascertaining the damages.—*Brinkmeyer v. Bethea,* 139 Ala. 276. The market value of the grass could not be proven generally, but the question should be confirmed to the market value at the time of destruction.—*Gresham v. Taylor,* 51 Ala. 505; *Gulf C. & S. S. Ry. v. Nicholson,* 25 S. W. 54. The trees damaged were a part of the realty and though injured they never ceased to be a part of the realty, and hence the question as to the damage of the trees should have been excluded.—

*Heflin v. Bingham,* 56 Ala. 566; *Magnetic Co. v. Marbury,* 104 Ala. 465; *U. S. Stave Co. v. Smith,* 28 A. & E. Ency of Law, 537. An improper method was pursued in proving the damage to the land by the tramping of the cattle.—*Howell v. Carden,* 99 Ala. 108; *Galloway v. Varner,* 77 Ala. 541; *Jaques v. Horton,* 76 Ala. 238. The written estimates themselves were not admissible in evidence.—*Acklin v. Hickman,* 63 Ala. 494. The damages testified to were remote and speculative.—*Street v. St. Clair,* 71 Ala. 110. The statute gives the right of action to the owner and estimates of damages to the tenant's crop are not admissible.—*L. & N. v .Murphy, supra.* The fair rental value of land in money, was not permissible to be shown where the claim was for permanent injuries for the same wrong.—*City of Eufaula v. Simmons,* 86 Ala. 511; *Brinkmcyer v. Bethea, supra.* The court erred in saying that the jury could take any portion of the year to determine the value of the crop at the time it was destroyed.—*Grensham v. Taylor, supra; Gulf C. & S. Ry. v. Nicholson, supra.* Interest is not recoverable until the damages are assessed.—*Glidden v. Street,* 68 Ala. 600. Charges 2, 3, and 6 should have been given.—*Pollack v. Gantt,* 69 Ala. 373; *Street v. St. Clair, supra; Walker v. The State,* 111 Ala. 29; *Stern v. Simpson,* 62 Ala. 194.—24 Cyc. 1068; 29 N. W. 804. Charge 9 should have been given.—Authorities supra.

M. M. SMITH and VICTOR H. SMITH, for appellee. The court will not be put in error for overruling general objections to testimony.—*A. G. S. v. Sanders,* 145 Ala. 449. All evidence of value is based on a witness's best judgment.—Authority supra. Counsel discuss other assignments of error, but without citation of authority.

SIMPSON, J.—This action was brought by the appellee against the appellant to recover damages for injuries to lands, crops, etc., by reason of the defective condition of the stock gaps on said land. Appellant insists that the demurrer to the complaint should have been sustained, because it combines two different causes in one count, to wit, the failure to put in the cattle guards and the failure, after they were placed in, to keep them in repair. This ground of demurrer was not well taken, for the reason that said causes are alleged in the conjunctive, the only effect of which is that both must be proved.

It is next insisted that the complaint should have alleged that the notice was given to some agent who was authorized to place the cattle guards in. The statute does not so require, but simply requires that the demand shall be made on the "defendant or their agents." The citizen is not supposed to know what the duties of the several agents of the railroad company are, and the statute very properly fails to require him to ascertain the particular one whose duty it is to place the cattle guards in.

It is next insisted that said complaint is subject to the demurrer because it does not allege that demand was made on the defendant or its agent to repair the cattle guards. The statute requires the railroad company to "put cattle guards upon such railroad and keep the same in repair whenever the owner * * * shall make demand upon them or their agents and show that such guards are necessary to prevent the depredations of stock upon the land."—Code 1896, § 3480. We do not construe this statute to require a new demand whenever the cattle guards become out of repair; but, when the demand is made to place them, it then becomes the duty of the company to place them in and keep them in repair. The charge of failure to keep the cattle guards

in repair is sufficient, without specifying which particular ones are out of repair. The description of the land is sufficient for identification. It is not necessary to allege that, when the demand was made, the plaintiff showed to the railroad company that the cattle guards were necessary. This is a matter of evidence, and, when it is shown to the court, that is a sufficient compliance with the statute. The complaint alleges, as a matter of fact, that they were necessary.

The proof that the railroad that ran through plaintiff's lands was known as the "Atlanta & Birmingham Air Line Railway," was assessed in that name, etc., was sufficient to make out a prima facie case; and, if the defendant did not introduce any evidence to the contrary, the court was justified in basing its charge on the idea that that is the railroad company whose road runs through plaintiff's land.

The appellant, in arguing assignments 2, 3, 4, and 5, insists that the proper measure of damages in this case is the difference in the value of the land before and after the depredation by the stock, and that it was improper to admit testimony as to the "hoorah grass" and "Johnson grass" destroyed by the stock. It is true that the general rule is recognized in this state that, in an action for trespass to the land itself, the difference between the value of the land before and after the trespass is the measure of the damage.—*Brinkmeyer et al v. Bethea,* 139 Ala. 376, 35 South. 996. This is not an action of trespass, but an action for negligence resulting in injury. The true rule is said to be that "if the thing destroyed, although it is part of the realty, has a value which can be accurately measured and ascertained, without reference to the soil in which it stands, or out of which it grows, the recovery must be for the value of the thing thus destroyed, not the difference in the value of

[Atlanta & Birmingham A. L. Ry. Co. v. Brown.]

the land before and after such destruction."—*Whitbeck v. N. Y. Cent. R. R. Co.,* 36 Barb. (N. Y.) 644-647. This rule is applied to crops, grass, fruit trees, etc.—*Byrne v. Minneapolis, etc., Railway,* 38 Minn. 212, 36 N. W. 339, 8 Am. St. Rep. 668; *Railway v. Horne,* 69 Tex. 644, 649, 9 S. W. 440; *Galveston, H. & S. A. Ry. v. Rheiner et al.,* (Tex. Civ. App.) 25 S. W. 972; *Berard et al v. Atchison, etc., R.,* (Neb.) 113 N. W. 537; *Gresham v. Taylor,* 51 Ala. 505. Our own court has said: "If the trespass consisted of a severance of a part of the freehold from the rest, for instance, growing timber or minerals, the value of the thing severed, while it constituted a part of the freehold at the time of severance, and not as a chattel after severance, may be regarded as a proper measure of recovery" (*Warrior, etc., Co. v. Mabel Mining co.,* 112 Ala. 626, 20 South. 918) ; and again, in a case where damages were claimed for a continuing trespass, that "the difference in the value" before and after the trespass "is an improper measurement of damages," although it might be competent evidence, to be considered by the jury in connection with the other evidence (*Abercrombie v. Williams & Windham,* 127 Ala. 180, 182, 28 South. 387). Where there is damage to the land, and also destruction of property attached to the land capable of ascertainment as to its value, recovery may be had for both.—*Receivers, etc., v. Pfluger* (Tex. Civ. App.) 25 S. W. 792; *Ft. Worth, etc., R. v. Wallace,* 74 Tex. 581, 12 S. W. 227. These principles have been distinctly applied to cases where the suit is for damages for failure to keep the cattle guards in repair.—*Smith v. Chicago, etc., R.,* 38 Iowa 518, 522; *St. Louis & S. F. Ry. v. Ritz,* 33 Kan. 404, 6 Pac. 533; *K. C. M. & O. Ry. v. Mayfield* (Tex. Civ. App.) 107 S. W. 940. It results that there was no error in the matters set forth in said assignments.

The court erred in allowing the witness (plaintiff) to testify as to what the amount of the damage done to the fruit trees was.  A witness cannot give his opinion as to the amount of damage.  The province of the jury is to ascertain the amount of damage, and the witness must testify to facts, upon which the jury must base its findings.—*Donnell v. Jones*, 13 Ala. 490, 510, 48 Am. Dec. 59, et. seq.; *Montgomery & W. P. R. v. Varner*, 19 Ala. 185; *Ala. & Fla. R. v. Burkett*, 42 Ala. 83, 87, 88; *Chandler v. Bush*, 84 Ala. 102, 4 South. 207; *Dushane v. Benedict*, 110 U. S. 631, 647, 7 Sup. Ct. 696, 30 L. Ed. 810; *Hames v. Brownlee*, 63 Ala. 277; *Young & Co. v. Cureton*, 87 Ala. 727, 6 South. 352, 4 Enc. Ev. pp. 12, 13,.  For the same reason the question to said witness, "In your judgment, what was the injury or damage done to the land?" and the question, in the same words, to the witness Green, plainly, on their face, called for illegal testimony; and the questions and answers should have been excluded.  There was no error in allowing the witness (plaintiff) to testify in regard to expense which he incurred in trying to keep the stock out of his land.  This is a proper item of damage, provided the plaintiff could not recover, in all, more than the amount of damage which he would have been entitled to, had not the expense been incurred.—*St. L. & S. F. R. v. Ritz*. 33 Kan. 404, 6 Pac. 533, 536; 13 Cyc. 154, note 85.

The court erred in admitting the estimates of damages, made in writing by several parties, and the error was apparent, because, first said papers were admitted as evidence, and not merely to be referred to by the witness as a memorandum to refresh his own memory, and such ex parte papers are not admissible; second, the questions and answers, in connection with the admission of said papers, called for the opinion of the witness as to the amount of damage, which, we have seen, was

improper; third, even as memoranda they were not shown to have been made at the time of the examination of the crops; and fourth, the witness did not make the necessary statement to render the papers themselves admissible, nor did he state that he had an independent knowledge of the matters therein contained to make them admissible as memoranda.—*Battles v. Tallman,* 96 Ala. 403, 11 South. 247. That part of the oral charge of the court, referred to by the appellee, did not cure this error, but merely stated that the memoranda were not conslusive evidence.

The court erred in overruling the objection to the question to the plaintiff, as a witness, "What would have been a fair rental value in money of the 40 acres you were prevented from cultivating?" The witness had testified that he had this land prepared for cultivation, and was prevented from cultivating it by the depredations of the stock. The measure of his damage was what he lost, not the rental of the land.

At the conclusion of the testimony the defendant "moved the court to exclude all the testimony in reference to the destruction or injury to the crops" of the tenants, and "all testimony as to the damage suffered by" them, which motion was overruled. There was no error in this. The testimony shows that the terms of renting to said tenants were that the landlord was to be paid one-third of the corn and one-fourth of the cotton made by said tenants respectively, so that to the extent of one-third the plaintiff was damaged by the destruction of the crops. While it is true that the title to the said one-third was not in the plaintiff, yet the direct result of the depredation was to defeat plaintiff's recovery of rent to that extent.

The court in its oral charge instructed the jury "that they could take any portion of the year to determine the

value of the crops at the time they were destroyed." This was error.  While various ways have been suggested by different courts, such as ascertaining what the probable cost would be of carrying the crop on to maturity and subtracting said amount from the probable value of the crop when matured, etc., yet these are but methods of ascertaining what is recognized as the better rule, to wit, that the measure of damages is the value of the crop at the time it is destroyed.—4 Southerland on Damages (3d Ed.) § 1023; 13 Cyc. 153; *Gresham v. Taylor*, 51 Ala. 505; *Gulf, etc., Ry. v. Nicholson* (Tex. Civ. App.) 25 S. W. 54.  From what has been said in regard to the rental value of the 40-acre tract which the plaintiff had prepared for cultivation, it results that the court erred in instructing the jury that the plaintiff could recover the reasonable rental value of said 40 acres.

The court erred in instructing the jury that the plaintiff could recover for that portion of said lands having crops of grass thereon what the same would have brought for hay and pasturage.  There was no evidence tending to show what said land would have brought for hay and pasturage.  On the contrary, the plaintiff had elected to prove what the grass destroyed was worth.

The court erred, in its oral charge, in instructing the jury that they were to consider the injury and damage to the entire crops, and not only to one-third thereof. The plaintiff could not recover more than the amount of his damage, which covered only one-third of the crops. It cannot be said that the jury really assessed the damages at only the value of one-third of the crop, because their verdict was much less than the majority of the witnesses testified to as the damages.  The witnesses were not in harmony on this matter, and the jury may have thought that the witness who placed the damages at much less than the others was entitled to more credit.

The court, at the request of the plaintiff, charged the jury that, if they believed the evidence, they should find the issue in favor of the plaintiff, for damages found, "together with interest from the time of such depredation." The appellant insists that it was erroneous to give this charge, because interest is not recoverable in this action. This is a matter that has received a great deal of consideration at the hands of the courts in various jurisdictions, with different results as to the right to recover interest in actions of tort. Several jurisdictions, treating the matter logically, hold that, as interest, at common law, was not recoverable at all unless there was a contract providing for it, the statute is the only authority for it, and where the statute provides for interest only in actions on contracts, expressed or implied it cannot be recovered in an action of tort until the damages have been ascertained and reduced to judgment.—*City of Chicago v. Allcock*, 36 Ill. 348; *Greeley S. L. & P. Ry. v. Yount*, 7 Colo. App. 189, 42 Pac. 1023; *Pittsburgh, Ft. W. & C. Ry. v. Swinney*, 97 Ind. 586, 596, 597; *New York, etc., R. v. Estill*, 147 U. S. 591, 619, 622, 13 Sup. Ct. 444, 37 L. Ed. 292. Others hold that while, in such cases, interest is not recoverable as a matter of right, yet the jury may, in their discretion, take the delay into consideration and adopt the rate of interest as a measure of damages for such delay, though the judge cannot direct them to add interest.—*Richards v. Citizens' N. Gas. Co.*, 130 Pa. 37, 40, 41, 18 Atl. 600; *Pittsburgh, Ft. W. & C. Ry. v. Swinney, Ex'r*, 97 Ind. 586, 596, 597; *Lawrence R. R. Co. v. Cobb*, 35 Ohio St. 94, 98, 99; *Walrath v. Redfield*, 18 N. Y. 457, 462; *Mairs et al. v. Manhattan R. E. Ass'n*, 89 N. Y. 498, 507; *Duryea v. Mayor, etc., of N. Y.*, 96 N. Y. 478, 409; *Parrott v. Knickerbocker, etc., Co.*, 46 N. Y. 361-369. Still others allow it as a matter of right.—*Taylor et al. v. Bay City*

[Atlanta & Birmingham A. L. Ry. Co. v. Brown.]

*St. Ry.,* 101 Mich. 140, 59 N. W. 447, and cases cited; *Gates v. Comstock,* 113 Mich. 127, 71 N. W. 515, 516; *Everett v. Gores,* 92 Wis. 527, 66 N. W. 616; *Parrott v. Housatonic R. R.,* 47 Conn. 575. see, also, generally, 2 Sutherland on Damages, pp. 969, 974, § 355; 4 Sutherland on Damagges, § 1026; 22 Cyc. pp. 1475, 1500, et seq.; 16 Am. & Eng. Ency. Law, pp. 1027, 1031; 2 Redfield on Negligence (5th Ed.) § 747.

In this state out court has stated that, "whenever one party has a legal right to recover of another a debt or damages as due at a particular time, he is entitled to interest as an incident from the maturity of the demand until the trial, unless some rule of law declare otherwise."—*Stoudenmeler v. Williamson,* 29 Ala. 558, 569. That case, however, and those therein cited, were actions on contract. Our court has recognized the right to recover interest in actions of trover, stating that the object is "to give to the plaintiff a full indemnity for the injury sustained by the wrongful conversion,   *   *   * and to prevent the defendant from deriving any benefit from his own wrongful act," and also stating that there are exceptions to the rule.—*Williams, Adm'r v. Crum,* 27 Ala. 468, 470. The rule of interest in cases of trover is recognized in other cases.—*Ewing v. Blount,* 20 Ala. 694; *Curry v. Wilson,* 48 Ala. 638; *Linam v. Reeves,* 68 Ala. 89, 91; *Burks v. Hubbard,* 69 Ala. 380, 384; *Sharpe & Son v. Barney,* 114 Ala. 361, 362, 363, 21 South. 490; *Birmingham Min. R. v. Tenn. C. I. & R. R. Co.,* 127 Ala. 138, 147, 28 South. 679; *Brooks v. Rogers,* 101 Ala. 112, 126, 13 South. 386. This court has also stated that, in a case claiming damages for stock killed by a railroad, the jury should allow interest from the date of the killing.—*Ga. Pac. R. R. Co. v. Fullerton,* 79 Ala. 299, 303; *A. G. S. R. R. Co. v. McAlpine,* 75 Ala. 114, 121. The case of *Bradley et al. v. Harden, Adm'r,* 73 Ala. 70, was an ac-

tion against the sureties on the bond, although the liability was claimed to have arisen from the conversion by the principal. In *Fail's Adm'r v. Presley's Adm'r*, 50 Ala. 342, the action was trespass, and the court says that the general rule is "that where trespass is brought for the destruction of personal property, and no circumstances of aggravation are shown, the action is to be regarded as one of trover, and the value of the property, with interest on such value, furnishes the rule for the measure of damages, because, if the owner * * * gets the value of the property * * * and interest, that is, in effect, a sale."—Page 346. In a case wherein the only matter for decision was whether a claim against a ferry keeper and the sureties on his bond for damages resulting from negligence in operating the ferry was provable in bankruptcy, Judge Stone, in delivering the opinion of this court, said that the measure of recovery was "the amount of the injury sustained, to which interest may be added."—*Borden v. Bradshaw*, 68 Ala. 362. The case of *Jean v. Standiford*, 39 Ala. 317, in which interest was not allowed, is placed distinctly on the ground that the suit was for a statutory penalty; and the case of *Glidden v. Street*, 68 Ala. 600, rests entirely on that case.

While there is much force in the arguments brought forward by other courts which have held otherwise, yet we feel bound by the decisions of our own courts, especially those in the cases of *Railroad v. McAlpine*, 75 Ala. 113, and *Railroad v. Fullerton*, 79 Ala. 298, to hold that where the damages claimed are for property which has been destroyed or injured, which has an ascertainable money value, it is proper to instruct the jury to add, to the damage ascertained, interest from the date when the injury was done. It is true that some of the cases which allow interest provides that it shall commence only from the date when the suit is commenced; but, if the plain-

tiff is entitled to interest at all, we are unable to see upon what principle it should be postponed from the time when the right of action accrued to the commencement of the suit.

There was no error in the refusal to give the general charge in favor of the defendant, nor in refusing to give the other charges requested by the defendant.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.