HAUSER, Appellant, vs. FETZER, Respondent.

*March 8—April 3, 1928.*

*Landlord and tenant: Unlawful detainer: Damages: Recovery on original rental agreement: Waiver of treble damages.*

1. Plaintiff, a landlord seeking to recover one half of the proceeds of farm produce during the period he was excluded from the demised premises, cannot at the same time recover treble damages for unlawful detainer. p. 508.
2. A claim under the original arrangement of rental during the time the farm was unlawfully detained constitutes a waiver of the right of the plaintiff to recover treble damages. p. 508.

APPEAL from a judgment of the circuit court for Washington county: C. M. DAVISON, Circuit Judge. *Affirmed.*

Action begun March 5, 1925. Judgment rendered Janu-

ary 22, 1927. Plaintiff was the owner of a farm. The defendant entered into an arrangement with the plaintiff by which the defendant was to work the farm on shares. The arrangement between the parties was never reduced to writing. The defendant had been upon the premises about a year and a half when trouble arose. The plaintiff gave notice to quit at the end of the second year. The defendant refused to vacate and an unlawful detainer action was begun. There was judgment for the defendant, appeal to this court, where the judgment was reversed. 183 Wis. 25, 197 N. W. 170. Upon *remittitur* to the trial court the plaintiff had judgment of restitution.

This action was begun. By stipulation the matter was referred to a referee. Upon the coming in of the referee's report objection was made by the defendant to the allowance of $250 paid by the plaintiff to his attorneys in the unlawful detainer action and $75 paid by the plaintiff to his attorneys in the execution of the writ of restitution. Upon objection the trial court struck out the amounts allowed by the referee, but allowed the plaintiff $25 attorney's fees, and judgment was entered accordingly, from which plaintiff appeals.

The cause was submitted for the appellant on the brief of *J. C. Russell* and *Sawyer & Gehl,* all of Hartford, and for the respondent on that of *J. H. Schnorenberg* of Hartford.

ROSENBERRY, J. The plaintiff now contends that this action is begun under the Wisconsin Statutes, sec. 291.10, which provides:

"If the plaintiff shall recover in any action brought under the provisions of this chapter, except when brought for the nonpayment of rent, he shall be entitled to recover treble damages, with costs of suit, against the person found guilty, in a separate action, for any injury he shall have sustained by reason of any unlawful or forcible entry or detainer, or for holding any unlawful possession of the premises by such defendant."

In the complaint in this action the allegations respecting damages are as follows:

"That from the 1st day of October, 1922, to the latter part of March, 1924, the defendant occupied and held the possession of plaintiff's said farm contrary to law and the rights of this plaintiff, failed and neglected to till, work, and cultivate said farm in a good, farm-like manner, failed and neglected to cut and keep from going to seed noxious weeds growing on said premises, all to plaintiff's damage in the sum of $700.

"That the defendant is also indebted to the plaintiff in the sum of $4 balance due the plaintiff from the defendant after settlement in the year of 1921.

"That during the time between October 1, 1922, and the latter part of March, 1924, as plaintiff is informed and believes, the defendant sold a large amount of common property from said farm and has neglected and refused to pay over the one half of the proceeds from the same to the plaintiff, and also refuses to pay the plaintiff for one calf sold in 1921, which amounts are as follows:

| | |
|---|---:|
| "Calf sold to Peter Roethle in 1921 . . . . . . . . . . . . . . . | $10 |
| "Milk sold to men working on road in 1922 . . . . . . . . | 28 |
| "One pig sold to John Kling in 1922 . . . . . . . . . . . . . | 15 |
| "Twenty-two pigs sold in December, 1922, at Hartford fair . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 88 |
| "Eleven pigs that defendant disposed of since October 1, 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 121 |
| "Clover seed sold to Heppe Cash Store in 1923 . . . . . . | 230 |

"Wherefore plaintiff demands judgment against the defendant for the sum of $1,196 and costs."

The defendant answered, denied that he had failed to cultivate the premises in a good and farm-like manner; alleged that the plaintiff was indebted to him in the sum of $136.97 on account of seeds and other materials furnished, which by the arrangement between the parties was to be paid for one half by each; that the plaintiff owed him $65.93 on an account mainly for telephone service and hauling water; alleged that the plaintiff agreed to execute a written contract

for the lease of the farm; that the defendant was defeated in the unlawful detainer action because the agreement was not signed; alleged that the plaintiff agreed to sign the same, and that by reason of the refusal of the plaintiff to sign the lease the defendant was damaged in the sum of $2,000, and asked recovery against the plaintiff in the sum of $2,202.90.

Upon the trial before the referee, the referee found that the defendant was indebted to the plaintiff in the sum of $392.48, which included $325 attorneys' fees, and that the defendant was entitled to credit on account of telephone, meals, materials, and supplies in the sum of $123.22. Upon objection made by the defendant the court struck out $325 attorneys' fees as allowed by the referee but allowed $25, being the statutory amount of attorney fees, making the amount due the plaintiff $92.48, the amount due the defendant $123.22, and the defendant had judgment for $30.74 and costs.

The plaintiff cites in support of his claim that he is entitled to recover attorneys' fees paid in the first action, *Wisconsin M. & F. Ins. Co. Bank v. Durner,* 114 Wis. 369, 90 N. W. 435, in which action an undertaking to pay damages in an injunction suit was held to include attorneys' fees; *Braunsdorf v. Fellner,* 76 Wis. 1, 45 N. W. 97; *St. Louis C. P. Co. v. Christopher,* 152 Wis. 603, 140 N. W. 351, construing sec. 2748, Stats. 1911, allowing the defendant damages in event of his recovery under writ of attachment; also *Strimple v. Parker Pen Co.* 177 Wis. 111, 187 N. W. 1001; *H. L. Null & Co. v. J. S. Garlington & Co.* (Tex. Civ. App.) 242 S. W. 507; *Shotwell v. Crier* (Tex. Civ. App.) 216 S. W. 262.

The case of *Gross v. Heckert,* 120 Wis. 314, 97 N. W. 952, is not relevant, as it is an action for breach of contract and not under the statute.

It is considered that plaintiff by his complaint does not bring himself within the provisions of sec. 291.10. The ma-

terial allegations have already been set out. Manifestly the plaintiff cannot recover one half of the proceeds of the farm produce during the period and at the same time seek treble damages for unlawful detainer of the premises. The statute was borrowed from Michigan. In *Howser v. Melcher,* 40 Mich. 185, it was held that a declaration which did not state the circumstances necessary to support the action and expressly refer to the provision relied upon was bad. The court said:

"The right to the recovery demanded arises upon the statute and depends on it, and the case is penal in its character. There can be no equitable construction to aid the remedy. The statute must be carefully followed and the settled rules of law relating to such actions must be adhered to.

"There is no provision to recover or treble anything else than 'damages,' whatever may enter into them. Nothing except what the jury find and report as 'damages' is authorized to be trebled, and in trebling the damages found, the language of the verdict must control. The court may not speculate upon the subject and seize upon expressions elsewhere to warp the legitimate legal sense of the terms of the finding for the purpose of settling what may and what may not be trebled, and hence there is room for question whether on the face of this case the court was authorized to treat the 'rent' or 'interest' reported by the jury as 'damages' subject to be trebled, and whether the verdict showed anything capable of being legally trebled in making up the judgment except the $55 specifically found and reported as damages." See, also, *Gates v. Comstock,* 113 Mich. 127, 71 N. W. 515.

It is considered that plaintiff's claim under the original arrangement for one half of the proceeds of the farm during the time it was unlawfully detained constitutes a waiver of the plaintiff's right to recover damages under the statute. Consequently the question of what is included in damages under the statute is not before us.

*By the Court.*—Judgment affirmed.