653 F.2d 956
 C. E. SAWYER'S INDUSTRIAL SHEET METAL FABRICATORS, INC., a
corporation, Plaintiff-Appellee,
v.
CENTRAL RIGGING AND CONTRACTING CORPORATION, a corporation;
Central Rigging and Contracting Corporation of
Connecticut, a corporation, Defendants-Appellants.
 No. 80-7934
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit B
 Aug. 17, 1981.
 Smith, Currie & Hancock, Rodney C. Jones, Atlanta, Ga., for defendants-appellants.
 Maurice F. Bishop, Birmingham, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HILL, FAY and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 C. E. Sawyer's Industrial Sheet Metal Fabricators, Inc. (the subcontractor, hereinafter "Sawyer's") entered into a contract to supply steel to Central Rigging and Contracting Corporation (the contractor, hereinafter "Central Rigging") in connection with the construction of a cement plant for Citadel Cement Corporation (hereinafter "Citadel") at Demopolis, Alabama. Sawyer's sued Central Rigging for the balance due on steel delivered by Sawyer's to the Demopolis site. Central Rigging counterclaimed for breach of contract alleging that Sawyer's caused delay by failing to provide certain shop and erection drawings, by making out-of-sequence deliveries, by improperly marking some of the steel, and by misfabricating some of the steel. The trial judge, sitting without a jury, dismissed Central Rigging's counterclaim with prejudice and awarded Sawyer's $93,338.31, an amount which includes prejudgment interest and which reflects the account claimed by Sawyer's less certain credits allowed to Central Rigging which are not at issue here. Central Rigging appeals. We affirm.
 
 
 2
 Central Rigging's primary argument is that its counterclaim is supported by documentary evidence and the testimony of unbiased, credible witnesses and that the trial judge failed to consider this testimony or to explain why he disregarded it. Central Rigging complains specifically that the trial judge failed to address its arguments that Sawyer's failure to provide shop and erection drawings in a timely fashion caused delay and that Sawyer's out-of-sequence delivery of materials also caused delay. Moreover, Central Rigging argues that from the evidence before him, the judge could not have determined what legal and factual position was taken in the arbitration proceedings, and it was improper for him to conclude that Central Rigging is precluded in this action from asserting a position with respect to the alleged delays which is different from the position it adopted during arbitration proceedings with Citadel. In addition, Central Rigging argues, the positions taken are not inconsistent because Central Rigging has always maintained that Sawyer's delayed Central Rigging's completion of its work on the project.
 
 
 3
 We have reviewed the record carefully and we do not find the district court's determinations to be clearly erroneous. The district court allowed a credit for misfabrication of Central Rigging's exhibit 47-C (DX47-C), but otherwise rejected Central Rigging's claims with respect to misfabrication. We affirm its determination.
 
 
 4
 The court found that the steel was properly marked when it was delivered to Central Rigging. Central Rigging has failed to show that the material should have been marked in another way and we affirm the district court's finding.
 
 
 5
 We think that Central Rigging's arguments about erection drawings and out-of-sequence deliveries reduce to a claim that Sawyer's breached its contract by causing delays in the completion of the project. The district court clearly addressed and rejected this argument. We have carefully reviewed the record and conclude that the record amply supports the district court.
 
 
 6
 With respect to the preclusion issue, we do not read the district court's opinion to have invoked any theory of preclusion or collateral estoppel, but rather to have regarded the factual matters relating to Central Rigging's admissions in the arbitration proceedings merely as additional evidence. At worst, the district court employed the preclusion theory as an alternative holding. Because we affirm the district court's resolution of the factual issues, we find no need to address the preclusion issue.
 
 
 7
 With respect to Central Rigging's argument that the award of prejudgment interest was improper, we disagree. Section 8-8-8 of the Code of Alabama of 1975, or its predecessors, has been interpreted to provide for the award of prejudgment interest only on "such sums as are certain or are capable of being made certain." Roe v. Baggett Transportation Co., 326 F.2d 298 (5th Cir. 1963).
 
 
 8
 In Atlanta and Birmingham Air Line Railway v. Brown, 158 Ala. 607, 48 So. 73 (1908), plaintiff sued to recover for injury to lands and crops which occurred when cattle strayed onto plaintiff's land because of defendant's failure to provide adequate cattle guards. The Supreme Court of Alabama held that the standard for determining damages was the value of the crops at the time they were destroyed. It also held that "where the damages claimed are for property which has been destroyed or injured, which has an ascertainable money value, it is proper to instruct the jury to add to the damage ascertained, interest from the date when the injury was done." 48 So. at 78. The court concluded that plaintiff was entitled to prejudgment interest even though it had also held that the amount of damage to the fruit trees was a question for the jury and it had observed that the witnesses disagreed about the value of the crops.
 
 
 9
 In Belcher v. Birmingham Trust National Bank, 488 F.2d 474 (5th Cir. 1974), this court held that under Alabama law, the lower court should not have awarded prejudgment interest on its award of an appraisal fee against the defendant where a portion of the appraisal fee charge was not supported by the evidence. The court noted that "(t)o the general rule in Alabama that interest is not allowed on unliquidated demands ... there are two interrelated exceptions: (1) when the amount of damages are (sic) capable of being ascertained by mere computation; and (2) when the damages are complete at a particular time and can be determined as of such time in accordance with fixed rules of evidence and known standards of value." (citation omitted). 488 F.2d at 477. Indicating that the case before it did not fall within either of those exceptions, the court explained its refusal to award prejudgment interest by likening the case before it to Roe v. Baggett Transportation Co., 326 F.2d 298 (5th Cir. 1963), where the court had listed several factors which indicated the uncertainty of the sum claimed and the complexity of determining that sum. See Roe v. Baggett Transportation Co., 326 F.2d at 301-302.
 
 
 10
 The instant case seems to us to fall more nearly within Atlanta and Birmingham Air Line Railway v. Brown, supra, than Belcher v. Birmingham National Bank, supra. Here the district court awarded the amount retained by Central Rigging less certain credits. The amount of damages was more nearly ascertainable in the instant case than it was in the Brown case. A fortiori, the award of prejudgment interest was proper.
 
 The judgment of the district court is
 
 11
 AFFIRMED.